[No. 37171-1-I.   Division One.   October 28, 1996.]

UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 1001, ET AL., *Respondents*, v. MUTUAL BENEFIT LIFE INSURANCE COMPANY, ET AL., *Defendants*, ERNST HOME CENTERS, INC., *Appellant*.

*John P. Mele, Jerry H. Kindinger,* and *Ryan, Swanson & Cleveland,* for appellant.

*James H. Webster, Richard P. Blumberg, Lynn D. Weir,* and *Webster, Mrak & Blumberg,* for respondents.

COLEMAN, J. — In this case employees of Ernst Home Center brought a claim against their employer under state wage and hour statutes alleging that they were not paid for all the hours they worked. Ernst contends that the

dispute must be resolved under the parties' collective bargaining agreement (Agreement), which requires arbitration of all wage disputes. We hold that the employees may maintain their statutory claim because the statutes upon which they rely create nonnegotiable rights and because their claims may be resolved without interpreting the Agreement. Accordingly, we affirm.

Shirley Behrends, Carrie Fulgham, Caren Smith, and Gregory Troupe (Individual Respondents) are sales employees who have each worked at Ernst Home Center stores in Washington since at least 1990. They have been represented in their employment by United Food and Commercial Workers Union Local 1001, the collective bargaining representative for Ernst employees in King and Snohomish Counties. In November 1989, the Union and Ernst reached a collective bargaining agreement covering "wages, hours and conditions of employment to be observed by the Employer." The Agreement sets regular and overtime wage rates for various job classifications, establishes the regular workday and workweek for hourly employees, and addresses "off-the-clock" work. Off-the-clock work refers to time worked but not recorded in the employer's payroll records and for which the employee is not compensated. The Agreement also provides a multi-step grievance procedure, declaring it the "exclusive" method for resolving "[a]ny dispute or grievance arising between the parties during the term of this Agreement as to proper interpretation or application of the Agreement." If preliminary steps do not resolve the problem, either party may submit the dispute to arbitration by giving written notice to the other party.

On March 9, 1993, Individual Respondents and the Union filed a class action suit against Ernst and Mutual Benefit Life Insurance Company in King County Superior Court, alleging that Ernst violated common law individual employment contracts and state wage and hour statutes by failing to record and pay compensation for work performed off the clock by its hourly employees. We are

asked to address only the state statutory claims. Individual Respondents sought unpaid wages and penalties for time spent selling and handling merchandise, completing training activities, and attending company meetings and work parties. Both Individual Respondents and the Union asked for injunctive and corresponding declaratory relief on behalf of Ernst's current and former employees. Individual Respondents did not attempt to resolve this dispute under the Agreement's grievance procedures.

Over two years later, Ernst filed a motion to compel arbitration, arguing that the Agreement required arbitration of Individual Respondents' off-the-clock work claims. The Superior Court denied the motion. Ernst appealed the trial court's denial of its motion, and the Respondents moved to dismiss for lack of appealability. A panel of this court denied the Respondents' motion to dismiss Ernst's appeal. By stipulated order, plaintiff Behrends and defendant Mutual Benefit were dismissed from the case on February 22, 1996, and they are not parties to this appeal.

We are asked to decide whether Individual Respondents are required to arbitrate their off-the-clock work claims under the Agreement instead of bringing suit under state wage and hour statutes. Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. section 185(a), allows "[s]uits for violation of contracts between an employer and a labor organization representing employees" to be brought in federal district court. The United States Supreme Court has held that state courts have concurrent jurisdiction over such suits, *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S. Ct. 519, 7 L. Ed. 2d 483 (1962), but that federal common law developed under Section 301 must be applied. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985) (citing *Textile Workers Union of America v. Lincoln Mills of Ala.*, 353 U.S. 448, 456, 77 S. Ct. 912, 1 L. Ed. 2d 912 (1957)).

■ Federal labor law developed under Section 301 generally requires employees to seek redress for grievances through arbitration when there is an applicable collective

bargaining agreement providing for such dispute resolution. But not all employment grievances must be arbitrated under collective bargaining procedures. Only those claims founded directly on rights created by a collective bargaining agreement and those substantially dependent on analysis of a collective bargaining agreement are governed by Section 301. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988); *Lueck,* 471 U.S. at 213-16. Stated conversely, federal labor law does not preempt claims that are based on state laws when those laws grant employees nonnegotiable, substantive rights and when adjudication of those rights does not depend upon a collective bargaining agreement. *Livadas v. Bradshaw,* 512 U.S. 107, 114 S. Ct. 2068, 2078, 129 Ed. 2d 93 (1994); *Lingle,* 486 U.S. at 408-09; *Lueck,* 471 U.S. at 213.

Rights established by state law are nonnegotiable when state law does not permit them to be waived, alienated, or altered by private agreement. *Miller v. AT&T Network Systems,* 850 F.2d 543, 546 (9th Cir. 1988). Washington's wage and hour statutes establish the "minimum standard for wages and working conditions of all employees" in the state. RCW 49.46.120. Under that statutory scheme, an employee has a right to be paid either his or her regular wage or, when appropriate, overtime for all time worked. *See* RCW 49.46.020 (establishing minimum wage); RCW 49.46.130(1) (employers must pay one and one-half times regular rate when employee works over 40 hours per week); RCW 49.48.010 (employer cannot withhold or divert any part of employee's wages unless specifically authorized to do so); RCW 49.52.050 (misdemeanor when employer, with intent to deprive, willfully pays employee lower wage than mandated by statute or contract); WAC 296- -128-550 (regular rate is hourly rate at which employee is paid); RCW 49.46.090(1) (employer who pays employee less than wages entitled to shall be liable to employee for full amount of wage rate, costs, and attorney fees). An employer has a corresponding duty to maintain accurate records of each employee's hours worked, rate of compen-

sation, and amount paid. RCW 49.46.070. In enacting these protections, the Legislature stated that parties, bargaining collectively, may establish wages or other work conditions only "in excess of the applicable minimum" set forth in these provisions. RCW 49.46.110. *See also* RCW 49.46.090(1) (private agreement to less than minimum standard is no defense to action under statute). The parties do not dispute that the statutory wage and hour rights are nonnegotiable.

■ ■ To establish their statutory claim, Individual Respondents must show that Ernst did not pay them their regular wage, or overtime when applicable, for all the time they were "employed." Under the wage and hour statutes, "to employ" includes "to permit to work." RCW 49.46.010(3). Thus, Individual Respondents must show that Ernst "permitted" them to work off the clock. Under the analogous federal wage and hour provisions, which mandate compensation for all the hours that employers "suffer or permit" their employees to work, an employer "permits" its employee to work when it has either actual or constructive knowledge of the allegedly uncompensated work. *See, e.g., Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (addressing Fair Labor Standards Act of 1938 §§ 3(g), 7(a)(1), 29 U.S.C.A. §§ 203(g), 207(a)(1)).

Ernst contends that it is necessary to interpret the Agreement to determine whether it "permitted" Individual Respondents to work. We do not agree. Individual Respondents' regular rate of pay can be shown from their pay stubs for the applicable period or from Ernst's payroll records. It is not necessary to consult the Agreement's wage provisions, which merely refer to a list of wage rates for specified job classifications. Further, the statute provides a clear overtime standard. Overtime is one and one-half times the employee's regular wage for all hours worked over the regular workweek of 40 hours. RCW 49.46.130(1). Although the Agreement's overtime provi-

sions are more favorable to employees, they are not necessary to the statutory claim. When an employee's cause of action arises under state law and resolution of the dispute does not require interpretation of the collective bargaining agreement, the claim is considered independent of the agreement even though it may require addressing precisely the same set of facts as would arbitration under the agreement. *See*; *Lingle*, 486 U.S. at 408-10; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987); *Lueck*, 471 U.S. at 213-16.

Ernst's primary argument is that the Agreement's off-the-clock provision must be interpreted to resolve Individual Respondents' statutory claims. Section 4.10 of the Agreement provides:

NO FREE TIME

The Employer shall be responsible for payment of all hours worked. A staff member shall only work those hours specifically authorized by the Employer. Accordingly, it is intended that there shall be no "free or time-off-the-clock" work practices under this Agreement. Any staff member found by the Employer or the union to be engaging in such practice shall be subject to discipline which may include termination.

Ernst contends that this section places an additional requirement on off-the-work claims. Because the Agreement states that employees shall work only those hours specifically authorized, Ernst argues that each instance of such work must be preapproved by management.

If this restriction were applied to the statutory claim, however, the remedy provided by statute would be restricted to off-the-clock work performed only when directed by the employer. We do not believe such a narrow construction of "to permit to work" is appropriate; we conclude that a broader standard, such as that applied under the federal provisions, is more reflective of Legislative intent. The wage and hour statutes' broader standard takes precedence over any conflicting provisions in the collective bargaining agreement. *Lueck*, 471 U.S. at 212

("Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law."); *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740-41, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981). *See also Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1526-27 (9th Cir. 1995) (clear statutory and regulatory standards provide means to determine "reasonable accommodation" in claim of employment discrimination under California law without considering collective bargaining agreement's overlapping provisions).

Ernst alternatively argues that Section 4.10 of the Agreement must be interpreted to determine whether it had constructive knowledge of the claimed off-the-clock work. Ernst contends that the employees had a duty under the Agreement to report such work, and because they did not, the company was less likely to know about any improper work. This argument has little force here, where Individual Respondents claim that supervisory personnel directed them to perform work off-the-clock. As the Ninth Circuit has stated, "[a]n employer who is armed with. . . knowledge [of off-the-clock work] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Forrester*, 646 F.2d at 414. It would be contradictory to require an employee to place unscheduled hours they worked on a time sheet when his or her boss requested that the work be completed off the clock.

This is not a case where an employee chose to work unscheduled hours while taking steps to prevent the employer from acquiring knowledge of the extra work. In *Davis*, the complaining employee believed that he could not complete his job in the time allotted him, so he worked extra, unrecorded hours to fulfill his duties. His employer had a policy against off-the-clock work, and whenever his supervisor encountered him working extra time, he reprimanded the employee for working off the clock. The employee completed the extra hours in such a way as to

prevent his employer from learning of the uncompensated overtime. The court held that the employer had not permitted the off-the-clock work within the meaning of the federal wage and hour statutes because the employee deliberately acted in such a way to prevent his employer from acquiring knowledge of any uncompensated overtime hours. *Davis*, 792 F.2d at 1276. *See also Pforr*, 851 F.2d 106 (4th Cir. 1988) (whenever discovered, employees directed to leave under policy of no off-the-clock work); *Forrester*, 646 F.2d 413 (employee was paid for all overtime claimed but did not report all overtime worked).

The case upon which Ernst relies, *Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995), can also be distinguished on this basis. In that case, Newton, a city police officer assigned to a federal drug task force, had been explicitly told by both his municipal and federal supervisors that he could not work any unauthorized overtime hours. He claimed and was paid for all authorized overtime hours. The Fifth Circuit held that it was improper to find that the City had constructive knowledge of Newton's unclaimed overtime work when he was instructed not to work any more overtime and failed to report the additional time. *Newton*, 47 F.3d at 749. There was no evidence, the court noted, to support the conclusion that the City encouraged or forced Newton to submit incorrect time sheets. *Newton*, 47 F.3d at 751. In the current case, in contrast, Individual Respondents allege that Ernst instructed and encouraged them to do work off the clock.

Because Individual Respondents' claims are based on nonnegotiable rights established by state statute and their claims can be resolved without interpreting the collective bargaining agreement, their suit is not preempted by federal labor law. Therefore, arbitration under the Agreement is not required, and the trial court properly denied Ernst's motion to compel arbitration. In light of our ruling, we need not address Respondents' argument that Ernst's motion to compel arbitration was time-barred.

The order denying Ernst's motion to compel arbitration is affirmed.

BAKER, C.J., and KENNEDY, J., concur.

Reconsideration denied December 30, 1996.

Review denied at 133 Wn.2d 1021 (1997).