976 P.2d 134 (1999)
95 Wash.App. 399
John SCHNEIDER, Kevin Crawford, Roy R. Clark, Mike Edgar, Lee Hendrickson, Mark C. Jordan, Ron Lamp, Terry Moore, Keith Nonnenmacher, Cal Paulus, Tom Stone, Joe Wurtz and Robert J. Fillium, individually and on behalf of the Class, Appellants,
v.
SNYDER'S FOODS, INC., a Washington Corporation, Defendant,
United States Bakery, Inc., d/b/a Snyder's Bakery, Inc., a foreign corporation, Respondent.
No. 17312-7-III.
Court of Appeals of Washington, Division 3, Panel One.
March 30, 1999.
Publication Ordered May 4, 1999.
*136 Albert R. Johnson Jr., Kenneth J. Pedersen, Davies, Roberts, Reid & Wacker, Roblin J. Williamson, Seattle, for Appellants.
Peter H. Koehler Jr., Barbee B. Lyon, Tonkon Torp LLP, Portland, OR, for Respondent.
Susan Anderson, Yakima, Pro Se.
*135 KATO, J.
Route drivers for Snyder's Bakery, Inc., appeal the summary judgment dismissal of their overtime wage claims. We reverse.
John Schneider and 12 other employees of United States Bakery d/b/a Snyder's Bakery, Inc., (Snyder's) filed a class action lawsuit against their employer for unpaid overtime compensation. All the employees are route drivers who receive a commission on their individual sales plus a fixed salary. They are members of the Teamsters Union, which has a collective bargaining agreement with Snyder's that classifies route drivers as exempt salesmen. The complaint alleges that despite their working in excess of 40 hours a week, they have not received overtime as required by RCW 49.46.
Snyder's asserted these affirmative defenses: (1) failure to state a claim upon which relief can be granted, (2) statute of limitations, (3) preemption by the Labor Management Relations Act of 1947 (LMRA), and (4) failure to exhaust administrative remedies. Claiming the LMRA preempted the overtime claims, Snyder's moved for summary judgment. The court agreed and granted summary judgment dismissal. This appeal followed.
We review an order of summary judgment by engaging in the same inquiry as the trial court. Commodore v. University Mechanical Contractors, Inc., 120 Wash.2d 120, 123, 839 P.2d 314 (1992). An order of summary judgment is appropriate when there is no genuine issue of material fact. CR 56(c); Ervin v. Columbia Distributing, Inc., 84 Wash.App. 882, 886, 930 P.2d 947 (1997). The court must consider the facts in the light most favorable to the nonmoving party. Id. Summary judgment is appropriate only if, after considering all the evidence, reasonable persons could reach but one conclusion. Commodore, 120 Wash.2d at 123, 839 P.2d 314.
The route drivers contend they were entitled to overtime compensation pursuant to RCW 49.46, the Minimum Wage Act (MWA). Snyder's argues these claims were properly dismissed because they are preempted by the LMRA. Although federal law does not generally preempt the MWA, section 301 of the LMRA, 29 U.S.C.A. § 185 (West Supp.1978), authorizes federal courts to resolve disputes involving collective bargaining agreements. Ervin, 84 Wash.App. at 888-89, 930 P.2d 947. Section 301 preempts the application of state law to interpret or enforce these bargaining agreements. Commodore, 120 Wash.2d at 126, 839 P.2d 314. Only those claims which are founded directly on rights created by a collective bargaining agreement and those substantially dependent upon construction of the agreement are governed by section 301. United Food & Commercial Workers Union Local 1001 v. Mutual Benefit Life Ins. Co., 84 Wash.App. 47, 51, 925 P.2d 212 (1996), review denied, 133 Wash.2d 1021, 950 P.2d 478 (1997). Federal law does not preempt claims based upon state law when the law grants employees nonnegotiable substantive rights and when adjudication of those rights does not depend on the collective bargaining agreement. Id.
Rights established by state law are nonnegotiable when they cannot be waived, alienated, or altered by private agreement. Id. at 51, 925 P.2d 212. The MWA establishes a minimum standard for wages and *137 working conditions for all employees. Id. (citing RCW 49.46.120). Under the MWA, employees have the right to overtime when they work more than 40 hours a week. RCW 49.46.130. In enacting these protections, the Legislature has stated that collective bargaining agreements may establish wages or other work conditions only in excess of the statutory minimums. RCW 49.46.110; United Food & Commercial Workers, 84 Wash.App. at 52, 925 P.2d 212. Accordingly, the rights provided by the MWA may not be waived by a collective bargaining agreement. Ervin, 84 Wash.App. at 891, 930 P.2d 947.
When a state law claim is independent or does not require interpretation of the collective bargaining agreement, section 301 does not preempt the claim. A state claim is independent of a collective bargaining agreement if it can be asserted without reliance on an employment contract. Commodore, 120 Wash.2d at 130-31, 839 P.2d 314; Ervin, 84 Wash.App. at 889, 930 P.2d 947.
This court in Ervin determined that claims under the MWA are not preempted by section 301. Ervin, 84 Wash.App. at 888, 930 P.2d 947. Mr. Ervin sought unpaid overtime from his employer. At the beginning of his employment, he was advised that his employer would not pay overtimes wages. The union contract guaranteed him 40 hours' pay each week. Mr. Ervin did not work fewer than 8 hours in a day and began keeping track of the number of hours he worked. The collective bargaining agreement provided for time-and-a half pay for hours worked in excess of 10 in a day or 40 in a week. Mr. Ervin quit his job and filed suit seeking overtime compensation.
On the employer's motion for summary judgment, the trial court dismissed the complaint. Id. at 886, 930 P.2d 947. On appeal, this court determined Mr. Ervin's claim was not preempted by section 301 because he could assert his claims without relying on the collective bargaining agreement. Id. at 890, 930 P.2d 947. The court stated that the rights provided by the MWA could not be waived or altered by a collective bargaining agreement and employees were not required to arbitrate these "nonnegotiable" claims. Id. at 891, 930 P.2d 947. The general preference for arbitration was outweighed by the statutory requirements of the MWA and the strong public policy against depriving union employees of statutory rights that would be available to nonunion employees. Id.
Here, like Ervin, the route drivers brought an action for unpaid overtime under the MWA. They can assert this claim without relying on the collective bargaining agreement. If the claims were preempted, they would be forced to arbitrate in violation of public policy since these union employees would be deprived of rights afforded to their nonunion counterparts. The court erred by granting summary judgment dismissal based on preemption.
Snyder's argues summary judgment was nonetheless appropriate because the court must interpret the collective bargaining agreement in order to determine if the route drivers are entitled to overtime. RCW 49.46.130 provides that, except for persons exempted under RCW 49.46.010(5) as outside salesmen, any employee who works more than 40 hours a week is entitled to overtime. Snyder's claims the route drivers are outside salesmen pursuant to RCW 49.46.010(5)(c) and are thus exempted from overtime. The statute defers to the rules of the director of labor and industries to define and delimit the term "outside salesman."
WAC 296-128-540 defines an outside salesman as any employee:
(1) Who is employed for the purpose of and who is customarily and regularly engaged away from his employer's place or places of business, as well as on the premises (where the employee regulates his own hours and the employer has no control over the total number of hours worked) in the following alternative activities:
(a) In making sales; including any sale, exchange, contract to sell, consignment for sale, shipment for sale or other disposition; or
(b) In obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; or
*138 (c) In demonstrating products or equipment for sale; or
(d) In the sale of services and performance of the service sold when the compensation to the employee is computed on a commission basis; and
(2) Whose hours of work of a nature other than that described in (1)(a), (b), (c) and (d) of this section do not exceed 20 percent of the hours worked in the work week by nonexempt employees of the employer: Provided, That work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall not be regarded as nonexempt work; and
(3) Who is compensated by the employer on a guaranteed salary, commission or fee basis and who is advised of his status as "outside salesman."
If the route drivers meet the definition of outside salesmen, they would not be entitled to overtime compensation. Snyder's claims the court cannot determine if they fall under this definition `without interpreting the collective bargaining agreement. But the court need not interpret the collective bargaining agreement to make that determination. The court need only consider evidence as to their job duties. In any event, determining whether the route drivers are indeed outside salesmen involves genuine issues of fact which cannot be resolved by summary judgment. See Ervin, 84 Wash.App. at 894-95, 930 P.2d 947.
Reversed.
SWEENEY, A.C.J., and BROWN J., concur.