[No. 42078-0-I.    Division One.    July 6, 1999.]

ROBERT HUNTLEY, ET AL., *Appellants*, v. FRITO-LAY, INC., *Respondent.*

*Albert Rathbone Johnson, Jr.* and *Kenneth James Pedersen* of *Davies, Roberts & Reid*, for appellants.

*Rudy Albert Englund, Douglas Edward Smith, Nancy Watkins Anderson*, and *Allison Steincipher Wallin* of *Lane Powell Spears Lubersky L.L.P.*, for respondent.

BAKER, J. — Seeking class certification, several of Frito-Lay's employees sued the company for breach of contract and violations of the Washington Minimum Wage Act (MWA).[1] Frito-Lay moved for summary judgment arguing that the claims were preempted by federal law (section 301 of the Labor-Management Relations Act (LMRA)),[2] and should either be dismissed or arbitration compelled under the terms of the collective bargaining agreement (CBA).

The employees voluntarily dismissed their breach of contract claims. The trial court granted summary judgment for Frito-Lay, ruling that the wage and hour claims were preempted by federal labor law. The court compelled arbitration of the statutory overtime claims under the arbitration provision of the CBA. The court declined to reach the employees' motion for class certification.

The employees appealed, and Frito-Lay filed a motion to

[1]RCW 49.46.

[2]29 U.S.C. § 185.

dismiss the appeal arguing that the trial court order is not appealable as a matter of right and does not meet the criteria for discretionary review. A commissioner of this court granted discretionary review. He held that the "it was obvious error to find preemption and compel arbitration. Further it would be a useless act to engage in an arbitration of state-law claims if they are not subject to arbitration."[3] He suggested that Frito-Lay would have to distinguish the holdings in *United Food*[4] and *Ervin*[5] in order to succeed on appeal.[6] Because we agree with the analysis in the order granting discretionary review, and because Frito-Lay has not adequately distinguished unfavorable case law,[7] we reverse the summary judgment order and remand for a trial on the merits.

## I

The MWA provides for enforcement of minimum employment standards and outlines the strong public policy of this state to provide overtime pay to promote employment opportunities.[8] The MWA requires employers to pay overtime to their employees unless the employee is a type specifically excluded by the statute.[9] Frito-Lay argues that the plaintiff-employees in this suit are "outside salesmen" and thus excluded by the statute.[10] Frito-Lay argues that the CBA must be relied upon to determine whether the plaintiffs are "outside salesmen" and therefore the dis-

---

[3]Commissioner's Ruling at 8.

[4]*United Food & Commercial Workers Union Local 1001 v. Mutual Benefit Life Ins. Co.*, 84 Wn. App. 47, 925 P.2d 212 (1996), *review denied*, 133 Wn.2d 1021 (1997).

[5]*Ervin v. Columbia Distrib., Inc.*, 84 Wn. App. 882, 930 P.2d 947 (1997).

[6]Commissioner's Ruling at 8.

[7]We are aware of *Schneider v. Snyder's Foods, Inc.*, 95 Wn. App. 399, 976 P.2d 134 (1999), a Division Three case which was published by postdecision order and is in full accord with our holding herein.

[8]RCW 49.46.005.

[9]RCW 49.46.130, RCW 49.46.010.

[10]RCW 49.46.010(5)(c).

puted matter must proceed to arbitration as required by section 301.[11]

We recently held that independent, nonnegotiable, state-law based employment rights are not preempted by federal law.[12] In *United Food & Commercial Workers Union Local 1001 v. Mutual Benefit Life Insurance Co.*, employees of Ernst Home Center brought suit alleging that they were not paid for all of the hours they worked.[13] The court denied Ernst's motion to compel arbitration.[14] On appeal, this court was asked to decide whether section 301 of the LMRA preempted the state claim and required arbitration.[15] We held that

> federal labor law does not preempt claims that are based on state laws when those laws grant employees nonnegotiable, substantive rights and when adjudication of those rights does not depend upon a collective bargaining agreement.[16]

As is the case here, Ernst claimed that it was necessary to interpret the CBA to decide the state law claim.[17] We disagreed and held that pay stubs and payroll records could be used instead of the agreement.[18]

Disputes over the right to overtime under the MWA are specifically nonnegotiable, independent, state-law based employment rights which are not preempted by federal

[11]29 U.S.C. § 185; *United Food*, 84 Wn. App. at 50-51.

[12]*See, e.g., Wilson v. City of Monroe*, 88 Wn. App. 113, 119, 943 P.2d 1134 (1997), *review denied*, 134 Wn.2d 1028 (1998). *Compare Swinford v. Russ Dunmire Oldsmobile, Inc.*, 82 Wn. App. 401, 404, 409, 918 P.2d 186 (1996), *review denied*, 130 Wn.2d 1024 (1997) (CBA dependent state law breach of contract claim preempted by section 301); *Commodore v. University Mechanical Contractors, Inc.*, 120 Wn.2d 120, 839 P.2d 314 (1992) (independent tort claims not arising out of CBA not preempted by section 301).

[13]84 Wn. App. at 48.

[14]*Id.* at 50.

[15]*Id.*

[16]*Id.* at 51.

[17]*Id.* at 52.

[18]*Id.* at 53.

law.[19] *Ervin v. Columbia Distributing, Inc.* involved a claim for compensation for unpaid overtime under the MWA.[20] The trial court ruled that Ervin was required to bring his claim through the CBA's grievance procedure and not through litigation.[21] On appeal, we held that

> Mr. Ervin could assert his state-law claims under RCW 49.46 without reliance on the collective bargaining agreement. The rights he attempts to assert under the state statute are independent of the agreement or the employer's practices and procedures, and resolution of the statutory claim will depend on the agreement only to determine the appropriate regular rate of pay.[22]

Further, we held that the MWA rights "may not be waived or altered by a collective bargaining agreement, and that employees are not required to arbitrate these 'nonnegotiable' claims."[23]

Columbia also argued that Mr. Ervin was an exempt "outside salesman."[24] The court held that summary judgment was inappropriate because WAC 296-128-540, and Mr. Ervin's statement "that his sales activities were only 'incidental' to his delivery responsibilities creates at least a genuine issue as to whether Mr. Ervin was an outside salesman."[25]

RCW 49.46.010(5)(a) provides: " 'Employee' includes any individual employed by an employer but shall not include: . . . (c) Any individual employed . . . in the capacity of outside salesman as those terms are defined and delimited

---

[19]*See Ervin*, 84 Wn. App. at 890-91.

[20]*Id.* at 885.

[21]*Id.* at 886.

[22]*Id.* at 890.

[23]*Id.* at 891 (footnote omitted) (citing *United Food*, 84 Wn. App. 47, and *Local 246 Utility Workers Union v. Southern Cal. Edison Co.*, 83 F.3d 292 (9th Cir. 1996)).

[24]*Ervin*, 84 Wn. App. at 894.

[25]*Id.* at 895.

by rules of the director." "Director" refers to the Director of Labor and Industries,[26] and the referenced rules are found in the Washington Administrative Code:

The term "individual employed in the capacity of outside salesman" in RCW 49.46.010(5)(c) shall mean any employee:

(1) Who is employed for the purpose of and who is customarily and regularly engaged away from his employer's place or places of business, as well as on the premises (where the employee regulates his own hours and the employer has no control over the total number of hours worked) in the following alternative activities:

(a) In making sales; including any sale, exchange, contract to sell, consignment for sale, shipment for sale or other disposition; or

(b) In obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; or

(c) In demonstrating products or equipment for sale; or

(d) In the sale of services and performance of the service sold when the compensation to the employee is computed on a commission basis; and

(2) Whose hours of work of a nature other than that described in (1)(a), (b), (c) and (d) of this section do not exceed 20 percent of the hours worked in the work week by nonexempt employees of the employer: *Provided*, That work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall not be regarded as nonexempt work; and

(3) Who is compensated by the employer on a guaranteed salary, commission or fee basis and who is advised of his status as "outside salesman."[27]

In this case, the trial court does not need to interpret the

---

[26]*Ervin*, 84 Wn. App. at 894.

[27]WAC 296-128-540.

CBA in order to analyze the plaintiffs' status as outside salesmen. Independent evidence suggests that their sales responsibilities pale in comparison to their non-sales responsibilities. Thus the matter is not preempted by federal law. Summary judgment was improper because there is enough evidence in the declarations and depositions to raise a material question of fact that the plaintiffs were not outside salesmen.[28]

Were we to hold otherwise, employers and unions could waive employees' basic rights under the MWA without their consent and without effective redress. This would contradict the clear public policy in this state to provide and enforce basic minimum employment rights.[29]

Our decision is consistent with *Wright v. Universal Maritime Service Corp.*, where the CBA at issue required a specific grievance procedure for employment disputes.[30] After Wright was injured, stevedoring companies would not employ him "because a person certified as permanently disabled (which they regarded Wright to be) is not qualified to perform longshore work under the CBA."[31] Wright's Americans with Disabilities Act of 1990 (ADA) claim was dismissed without prejudice by the District Court, which held that Wright was required to pursue the grievance procedure.[32] The U.S. Supreme Court reversed and held that the section 301 presumption for CBA preemption "does not extend beyond the reach of the principal rationale that justifies it, which is that arbitrators are in a better position than courts *to interpret the terms of a CBA.*"[33]

The Supreme Court held in *Wright* that the CBA at issue

---

[28]*Ervin*, 84 Wn. App. at 895 ("Mr. Ervin's statement that his sale activities were only 'incidental' to his delivery responsibilities creates at least a genuine issue as to whether Mr. Ervin was an outside salesman. Summary judgment is not proper on this question.").

[29]RCW 49.46.005.

[30]525 U.S. 70, 72-73, 119 S. Ct. 391, 393, 142 L. Ed. 2d 361 (1998).

[31]*Id.* at 74.

[32]*Id.* at 75.

[33]*Id.* at 78.

did not preempt Wright's ADA claim. Similarly, in this case we hold that the CBA does not preempt the plaintiffs' MWA claim. The courts are in a better position to interpret the MWA than an arbitrator. The employees' burden is to show that they have an independent, nonnegotiable, state-law right. They may do so with evidence outside of the CBA.

Reversed.

AGID, A.C.J., and ELLINGTON, J., concur.

Reconsideration denied September 3, 1999.

Review denied at 140 Wn.2d 1003 (2000).