[No. 15645. Department One. July 13, 1920.]

THE STATE OF WASHINGTON, *Appellant,* v.
E. V. THOMPSON, *Respondent.*[1]

GAME—CREATION OF OPEN SEASON—POWERS OF GAME WARDEN—STATUTES—CONSTRUCTION. Under Laws of 1917, p. 166, § 3, by which the seasonal pursuit of blue grouse in Columbia county is absolutely withdrawn and made unlawful, the state game warden has no power to grant the county game commission authority to open a season, by virtue of Id. p. 166, § 1, subd. 9, which provides that the state game warden may grant permission to "shorten, close or open the season" on any upland birds; it not being the intention to grant power to "open" a season where no seasonal regulation is provided or to lengthen any season created by the act.

CONSTITUTIONAL LAW (32)—DELEGATION OF LEGISLATIVE POWERS. To construe the game laws to authorize the state game warden and county game commissioners to allowing the killing of blue grouse in Columbia county contrary to express statutory enactment, would confer upon them legislative functions and render the act unconstitutional.

Appeal from a judgment of the superior court for Columbia county, Mills, J., entered September 23, 1919, upon sustaining a demurrer to the information, dismissing a prosecution for violating the game laws. Reversed.

*The Attorney General, A. F. Appleton, and Roscoe R. Fullerton,* for appellant.

*E. V. Thompson,* for respondent.

MACKINTOSH, J.—The respondent was charged with the offense of having killed three blue grouse in Columbia county, this state, on September 14, 1919, and upon his demurring to the information, an order was entered sustaining the demurrer and dismissing the action, from which order the state has appealed.

[1]Reported in 191 Pac. 620.

Subdivision 9, § 1, ch. 164, p. 760, Laws of 1917, is:

"Upon written application by the full membership of any county game commission to the state game warden, permission may be granted by the state game warden to shorten, close or open the season on any of the upland game birds of the state, in their respective counties . . ."

Section 3, ch. 164, p. 762, Laws of 1917, is:

"Every person who shall within the state of Washington, hunt, pursue, take, kill, injure, destroy or possess any · . . . blue grouse, . . . or any species of upland game birds, except as herein provided, shall be guilty of a misdemeanor: . . . *Provided, further,* That in the counties lying east of the summit of the Cascade mountains, except in the counties of . . . and Columbia, it shall be lawful to hunt, take, kill and possess · . . . blue grouse between the first day of September and the fifteenth day of November, both dates inclusive, of the same year."

The information shows that, in pursuance of an application from the full membership of the Columbia county game commission, the state game warden had granted permission to the county game commission to open a season for blue grouse in Columbia county, and that the commission, pursuant to that authority, had declared it lawful to hunt blue grouse from September 1 to November 15, 1919. By § 3 of the foregoing chapter, the seasonal pursuit of blue grouse in Columbia county is absolutely withdrawn. No open season for those birds in that county was provided. It is claimed that, by subd. 9, § 1, above, the county game commissioners and the state game warden might create an open season under the power granted in that subdivision to "shorten, close or open" the season. The power to "shorten, close or open" is capable only of application to seasonal hunting, but where, as

here, such hunting is absolutely prohibited by the complete withdrawal of seasonal regulation, the argument advanced by the respondent, if admitted, necessarily involves what would be in effect the creation of a season, rather than the regulation of a season, by ''shortening, closing or opening,'' already instituted by the legislature. To so hold would leave it within the power of the state game warden to make lawful the taking of game in all cases where the statute specifically declares such taking unlawful. Subdivision 9 must be so interpreted as not to nullify other provisions of the act, unless such interpretation is necessary and the other portions of the act are clearly inconsistent with that subdivision. By interpreting the word ''season'' as meaning a period of time created by the legislature for the pursuit of game, the entire act is rendered harmonious and its effective administration is materially assisted. The words ''close'' and ''open'' should be considered together with the word ''shorten,'' so that the subdivision would read to mean that the state game warden may, upon conditions provided in the subdivision, shorten a season already created by the legislature by closing or opening it at times other than those specifically enacted, but that the power is not granted to open seasons where no seasonal regulation whatever is provided, or to lengthen the time of a season duly created by the act. The executives of the state game code cannot be delegated legislative powers, but may be granted authority to determine the expediency of the application of the act to changing local conditions controlled in general by the act. The state game warden may determine some fact or state of circumstances upon which the operation of the law depends. *Cawsey v. Brickey,* 82 Wash. 653, 144 Pac. 938.

Giving subdivision 9 the construction that would empower the state game warden and county game commissioners to allow the killing of blue grouse in Columbia county, contrary to the express provision of § 3, would be to confer upon them the functions of the legislature and render the subdivision unconstitutional. The construction which we have here determined leaves the section free from objections to its constitutionality and harmonizes it with the other express provisions of the act.

We cannot agree with the respondent that, if the county game commission and state game commission have authority to open the season under subdivision 9, the same authority would carry the power to declare an open season. The authority given to "shorten, close or open" is, as we have already indicated, merely an authority to shorten, and to declare the opening and closing as shortened, of hunting not withdrawn from seasonal regulation. The demurrer should have been overruled.

Judgment reversed.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.