[No. 3376–2.   Division Two.   June 13, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANS MUNSON, ET AL, *Appellants*.

*Harold A. Thoreen, Jr.,* for appellants.

*Grant S. Meiner, Prosecuting Attorney,* and *William Knebes, Deputy,* for respondent.

REED, J.—Defendants Frans Munson, Jack Fenswick, Ralph Sorensen and Bryn Rasmussen were convicted of fishing in closed waters in violation of WAC 220–20–010. They raise four issues on appeal: (1) whether the Department of Fisheries exceeded its statutory authority in adopting WAC 220–20–010; (2) whether a Washington Administrative Code regulation specifically opening the area in question was effectively repealed, in spite of its continued publication without the repealer; (3) whether a telephone "hotline" provided defendants with adequate notice of changes in openings; and (4) whether the closure was invalid on the ground it was made for allocation[1] purposes. In view of our disposition of the first issue, we do not reach the other three.

---

[1]Between Indians and non–Indians.

Defendants were prosecuted under WAC 220–20–010, which provides in pertinent part:

(1) It shall be unlawful to take, fish for, possess or transport for any purpose food fish, shellfish or parts thereof, in or from any of the waters or land over which the state of Washington has jurisdiction, or from the waters of the Pacific Ocean, except at the times, places and in the manners and for the species, quantities, sizes or sexes provided for in the regulations of the Department of Fisheries.

Defendants contend this regulation exceeds the statutory authority of the Department of Fisheries, on the ground that RCW 75.12.010 contains an express proviso that:

[S]ubject to such seasons and regulations as may be established from time to time by the director, *it shall be lawful to fish* [salmon in areas including Puget Sound] . . . from the second Monday of September to and including the thirtieth day of the following November . . .

(Italics ours.)

By this statute, the Washington State Legislature made fishing areas open unless specifically closed by department regulations. The statute places an affirmative duty on the Department of Fisheries to determine the availability of salmon and establish regulations for their conservation. *See Puget Sound Gillnetters Ass'n v. Moos,* 88 Wn.2d 677, 565 P.2d 1151 (1977). But the department's power to regulate for conservation does not include power to reverse its statutory duty by making all fishing areas closed unless specifically opened by department regulations.

■■ Administrative agencies are creatures of the legislature without inherent or common–law powers and may exercise only those powers conferred either expressly or by necessary implication. *State v. Pierce,* 11 Wn. App. 577, 581, 523 P.2d 1201 (1974). The director of the Department of Fisheries adopted WAC 220–20–010 pursuant to an enabling statute, RCW 75.08.080, which confers upon him general power to make regulations specifying when the tak-

ing of food fish is lawful or prohibited, and such regulations as may be necessary to carry out the purposes and duties of the department. The Department of Fisheries has interpreted this statute as permitting regulation of the fishing season by periodically opening it, rather than by periodically closing it.

Administrative rules which have the effect of extending or conflicting in any manner with the agency's enabling act do not represent a valid exercise of authorized power, but constitute an attempt by the administrative body to legislate. *See State v. Miles,* 5 Wn.2d 322, 326, 105 P.2d 51 (1940). The legislature cannot delegate to administrative bodies an unrestrained power to legislate. *See Barry & Barry, Inc. v. Department of Motor Vehicles,* 81 Wn.2d 155, 500 P.2d 540 (1972); *Winslow v. Fleischner,* 112 Ore. 23, 228 P. 101, Annot., 34 A.L.R. 832 (1924). In *Winslow,* an order of a commission declaring the closing for an entire season of the right to hunt game was held an impermissible suspension of a statute establishing the open season for such hunting. The suspension of a statute is a legislative act, unless based upon some condition, contingency, exigency, or state of facts declared by the legislative enactment to be sufficient to warrant the suspension by an executive or an administrative body whose duty it is to execute or administer the law suspended. *Winslow v. Fleischner, supra,* states at page 31:

> The delegation of legislative authority sustained by the courts has always been such as was within and subordinate to the act or acts of the legislature covering the subject matter.[2]

---

[2]A good example is *Frenchik v. Dean,* 62 Ill. 2d 231, 237, 238, 342 N.E.2d 9 (1976), in which a statute specifically opened the fishing season for chub salmon, but the Department of Fisheries was held to be within its statutory authority in imposing a chub quota and limiting the number of chub fishermen under a section providing that the department shall "modify existing provisions, when necessary, including open seasons," and "take all measures necessary for the conservation, distribution, introduction and restoration of fish."

*State v. Thompson,* 111 Wash. 525, 191 P. 620 (1920), held that where grouse hunting was made unlawful by statute, the state game warden could not validly grant county game commissioners authority to open the grouse hunting season, under the warden's statutory power to grant permission to "shorten, close or open the season" on any upland birds. *State v. Thompson, supra* at 526. The season could not be "opened" where no seasonal regulation whatever was provided. To hold otherwise

> would leave it within the power of the state game warden to make lawful the taking of game in all cases where the statute specifically declares such taking unlawful . . . The executives of the state game code cannot be delegated legislative powers, but may be granted authority to determine the expediency of the application of the act to changing local conditions controlled in general by the act.

*State v. Thompson, supra* at 527.

In the present case, the Department of Fisheries attempted to substitute its judgment for that of the legislature by eliminating the fishing season designated in RCW 75.12.010. WAC 220–20–010 is not merely subsidiary to the statute, but contrary thereto.

■■ Additional grounds for overturning WAC 220–20–010 lie in the rules of statutory construction. The specific terms of RCW 75.12.010 prevail over the general terms of RCW 75.08.080. In construing these statutes, our primary objective is to effectuate legislative intent. *Anderson v. O'Brien,* 84 Wn.2d 64, 524 P.2d 390 (1974). This intent is to be ascertained from the statutory context as a whole. *Hartman v. State Game Comm'n,* 85 Wn.2d 176, 532 P.2d 614 (1975); *Amburn v. Daly,* 81 Wn.2d 241, 501 P.2d 178 (1972). RCW 75.12.010, which specifically establishes a lawful fishing season, was enacted subsequent to the legislature's general grant of regulatory power in RCW 75.08.080.[3] A special statute enacted either concurrently with or subsequent to a general statute must prevail over the provisions

---

[3]RCW 75.08.080: Laws of 1955, ch. 12, § 75.08.080. RCW 75.12.010: Laws of 1973, 1st Ex. Sess., ch. 220, § 2.

of the general statute. *State v. Walls,* 81 Wn.2d 618, 503 P.2d 1068 (1972). *See also State v. Langworthy,* 20 Wn. App. 822, 583 P.2d 1231 (1978).

The rules for administrative agencies enunciated in *Thompson* and *Winslow,* as well as the general rules of statutory construction, indicate that the lawful fishing season granted by RCW 75.12.010 may not be eliminated outright by an exercise of regulatory powers. The season remains subject to closures "from time to time" for conservation purposes under RCW 75.08.080. We hold that the blanket closure in WAC 220–20–010 exceeds the regulatory power of the Department of Fisheries, and accordingly, we reverse.

PEARSON, C.J., and PETRIE, J., concur.