50 P.3d 256 (2002)
146 Wash.2d 841
Roger A. WINGERT, David Mauldin, Russell A. Childs, Terence Swannack, Rick Wallace, Trever Vardeur, Jason C. Varieor, Joseph Leach, Michael J. Kelly, Scott Mills, Marvin Posick, Mark Johanneck, Lonnie Pappas, Eric R. Staley, Robert Ostler, Randy Everett, Richard Oughton, Dave L. Allen, Tarry Rohr, Richard P. Somes, Kyle Jones, Keith McDonel, Ralph Sweet, Matt Carroll, Troy D. Cates, Wendell Crosby, Chuck Deaver, Joseph Loran, Kirby L. Soike, Gary Doehring, Daniel G. Fisher, Stephen T. Leighton, Richard A. Biel, Grover W. Smith, Rick Storlie, Rick Wallace, John Eugene Baker, Billy Duryee, Max D. McMahan, Robert L. Ray, Wallace R. Morgan, Keith Blaine, Gary D. Bolen, William Taft Case, Ralph Hubbard, Aaron J. Fortune, John E. Roufs, James Freyberg, Leslie Curt Holloway, Robert W. Jutte, Dennis M. Murdock, Doug Murray, Roger Hamblin, Robert A. Newman, Sr., Lawrence R. Baker, Bryan Hott, Mark Johnson, Ronald D. Reno, Kelly G. Burke, David L. Cook, Dean A. Ambler, William L. West, Jr., Robert Rucker, Jerry Townsend, Fred Sheppard, Eric C. Stone, Dan Purcell, Norman J. Roth, Ross D. Johnson, Michael J. Stout, Paul F. Mix, Gary D. Neuman, Jeffrey M. Read, Robert Murphy, Andrew Graden, Joel D. Johanneck, Nels F. Stromberg, Archer G. Martinson, Albert N. Peterson, John A. Rice, Thomas Schwendeman, Mark Hutton, Dean W. Talkington, M. Berger, Edward Murphy, Robert White, Steven G. Pryor, Hermann Maag, Richard A. Nash, Jack F. O'Neal, Jan Mulhorn, and Raymond E. Ling, Respondents,
v.
YELLOW FREIGHT SYSTEMS, INC., a Washington State Corporation, Petitioner.
No. 70972-6.
Supreme Court of Washington, En Banc.
Argued November 29, 2001.
Decided July 18, 2002.
*258 Dmitri Iglitzin, of Schwerin Campbell Barnard, L.L.P., Seattle, for Petitioner.
J. Markham Marshall, of Preston Gates & Ellis, L.L.P., Seattle, for Respondents.
Harris, Mericle & Wakayama, Andrew Shafer, Seattle, Amicus Curiae on Behalf of Washington Trucking Association.
Lane, Powell, Spears & Lubersky, Michael King, Barbara Duffy, Sarah Haushild, Douglas Smith, Nancy Anderson, Seattle, Amicus Curiae on Behalf of IBP Inc.
Christine Gregoire, Attorney General, Suchi Sharma, Asst., Olympia, Amicus Curiae on Behalf of Department of Labor & Industries.
Martin Garfinkel, David Mark, Attorneys at Law, Seattle, Amicus Curiae on Behalf of Washington Labor Council.
Perkins Coie, Clemens Barnes, Karen Kruse, Seattle, Amicus Curiae on Behalf of Association of Washington Business.
Daniel Ford, Norman Lumbreras, Attorneys at Law, Seattle, Mary Welch, Attorney at Law, Kennewick, Amicus Curiae on Behalf of National Employment Law Project.
Rebecca Smith, Attorney at Law, Olympia, Amicus Curiae on Behalf of Casa Latina.
Michelle Mentzer, Attorney at Law, Seattle, Amicus Curiae on Behalf of Northwest Justice Project.
David Mark, Attorney at Law, Seattle, Amicus Curiae on Behalf of Alvarez v. IBP.
*257 IRELAND, J.
Yellow Freight Systems, Inc., seeks review of a Court of Appeals' decision reversing the trial court's summary dismissal of its employees' wage claims. The employees brought suit alleging Yellow Freight violated WAC 296-126-092(4) by failing to provide paid rest periods in accordance with the regulation's standards. At issue is whether a private cause of action exists to pursue the claim, whether the rest break standard is superseded by the parties' collective bargaining agreement, and whether the regulation is preempted by federal law. We hold that the employees have a private right of action, that the collective bargaining agreement does not abrogate the minimum rest break requirement, and that the issue of preemption is not properly before the Court. We affirm the Court of Appeals' decision that the order granting summary judgment be reversed and remand the matter for trial on the merits.

FACTS
Yellow Freight Systems, Inc., has employed Roger Wingert and the other named respondents (employees) at its Seattle terminal in the following job classifications: (1) driver; (2) yard hostler; and (3) dockworker. Drivers deliver merchandise to, and pick up merchandise from, Yellow Freight customers. Hostlers stage trailers at the terminal. Dockworkers load and unload trailers and stage freight for shipment at the terminal.
All three classifications of employees are represented by the International Brotherhood of Teamsters, General Teamsters Local No. 174, AFL-CIO. They are covered by a national collective bargaining agreement between trucking companies, including Yellow Freight, and the union.
In accordance with the collective bargaining agreement, Yellow Freight's employees are given a morning and an afternoon break and a lunch break during a regular workday as follows:
A typical day for Dock Workers and Hostlers consists of two hours of work, followed by a fifteen minute paid break, followed by one and three-quarters hours of work, followed by a half-hour unpaid lunch break, followed by the same pattern again: two hours of work, a fifteen minute paid break, then one and three-quarters hours of work.
A typical day for Drivers is similar, except that the Drivers have more discretion as to *259 when, during each shift, they take their fifteen-minute paid breaks.
Clerk's Papers (CP) at 12.
Employees are commonly assigned to work longer than an eight-hour workday, for which they receive overtime compensation. The collective bargaining agreement requires a 15 minute break after two hours of an overtime assignment, so Yellow Freight allows employees who work more than two hours of overtime to take the break. However, no breaks are accorded employees who work two hours or less.
If employees "work two hours of overtime or less at the end of their regular shift, they receive no rest period from the time their regular afternoon break ends at 2:45 until they are excused for the day, often at 6:30, a period of nearly four hours of uninterrupted physical labor." Wingert v. Yellow Freight Sys., Inc., 104 Wash.App. 583, 585-86, 13 P.3d 677 (2000).

PROCEDURAL HISTORY
Employees of Yellow Freight initially brought suit alleging that their employer violated WAC 296-126-092(4) by requiring them to work longer than three consecutive hours without a paid rest period. They asserted that the administrative regulation requires they be granted a 10 minute paid break during the first two hours of an overtime assignment that follows a regular shift. The employees sought back wages for the rest periods during which they were required to work and an award of attorney fees and costs pursuant to RCW 49.52.070.
Yellow Freight moved for summary judgment, asserting that chapter 49.12 RCW, the statute under which the administrative regulation was adopted, provides that it is not to interfere with collective bargaining concerning conditions of employment. In the alternative, Yellow Freight argued that chapter 49.12 RCW does not create a civil cause of action for a breach of the administrative regulation. In response, the employees moved for partial summary judgment on liability and for injunctive relief.
On November 23, 1999, the King County Superior Court granted Yellow Freight's motion and dismissed the employees' complaint.
The employees appealed. The Court of Appeals reversed the order granting summary judgment to Yellow Freight and remanded the matter for trial on the issue of damages. Wingert, 104 Wash.App. at 597, 13 P.3d 677.
This Court granted Yellow Freight's petition for review of the Court of Appeals' decision. Wingert v. Yellow Freight Sys., Inc., 144 Wash.2d 1009, 32 P.3d 284 (2001).

ANALYSIS
Standard of Review
In reviewing an order granting summary judgment, the appellate court engages in the same inquiry as the trial court. Young v. Key Pharms., Inc., 112 Wash.2d 216, 226, 770 P.2d 182 (1989). Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Clements v. Travelers Indem. Co., 121 Wash.2d 243, 249, 850 P.2d 1298 (1993). The evidence and reasonable inferences therefrom are to be considered in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wash.2d 17, 21, 896 P.2d 665 (1995). "All questions of law are reviewed de novo." Berger v. Sonneland, 144 Wash.2d 91, 103, 26 P.3d 257 (2001).
Violation of Regulation
Washington's statutory provisions concerning industrial welfare are set out in chapter 49.12 RCW. The director of the Department of Labor and Industries is charged with administering and enforcing "all laws respecting the employment and relating to the health, sanitary conditions, surroundings, hours of labor, and wages of employees employed in business and industry" in accordance with the provisions of the chapter. RCW 43.22.270(4).
The provisions of chapter 296-126 WAC, which contain labor standards for the protection of employees' safety, health, and *260 welfare, were adopted under the authority of chapter 49.12 RCW. At issue in this case is the rest period provision of WAC 296-126-092, which states as follows:
Employees shall be allowed a rest period of not less than 10 minutes, on the employer's time, for each 4 hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.
WAC 296-126-092(4).
WAC 296-126-092(4) does not distinguish between regular and overtime hours worked. Rather, the chapter defines "hours worked" as "all hours during which the employee is authorized or required by the employer to be on duty." WAC 296-126-002(8). Therefore, as the Court of Appeals correctly concluded, the regulation "clearly and unambiguously prohibits working employees for longer than three consecutive hours without a rest period" regardless of whether the hours worked are regular hours, overtime hours, or a combination of both. Wingert, 104 Wash.App. at 588, 13 P.3d 677. Yellow Freight did not comply with WAC 296-126-092(4) when it failed to provide paid rest periods to employees who worked two hours or less of overtime following their regular shifts.
Employees' Cause of Action
The Court of Appeals concluded that the employees could seek recovery for the failure to provide paid rest periods on two basesa statutory claim for unpaid wages under RCW 49.52.070 and an implied cause of action under chapter 49.12 RCW. Id. at 591, 13 P.3d 677.
Statutory Claim
The employees assert that they are entitled to recover monetary damages for violations of WAC 296-126-092 pursuant to RCW 49.52.070.
RCW 49.52.050 makes it a misdemeanor for an employer to "[w]illfully and with intent to deprive the employee of any part of his wages, ... pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." RCW 49.52.050(2). Although WAC 296-126-092 is a regulation and not a statute, RCW 49.52.050(2) is applicable in this case because "`properly promulgated, substantive agency regulations have the "`force and effect of law.'" `"Manor v. Nestle Food Co., 131 Wash.2d 439, 445, 932 P.2d 628, 945 P.2d 1119 (1997) (quoting Chrysler Corp. v. Brown, 441 U.S. 281, 295, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979)).
This case does not present the usual situation where employees seek to recover wages for uncompensated work. Yellow Freight argues that its employees have been paid for all the time they worked, so its failure to provide rest periods has not resulted in lost wages. Yellow Freight also contends that its employees do not have a statutory wage claim because RCW 49.12.005(5) defines rest break requirements as "conditions of labor" rather than wages.
However, as this case exemplifies, a rest period violation can constitute both a condition of labor violation and a wage violation. Employees who must work through their overtime break are, in effect, providing Yellow Freight with an additional 10 minutes of labor during the first two hours of their overtime assignments. When the employees are not provided with the mandated rest period, their workday is extended by 10 minutes. Taking the regulation into account, the employees are entitled to be compensated by Yellow Freight for 2 hours and 10 minutes of work. See Connors v. Consolidation Coal Co., 866 F.2d 599, 602-03 (3d Cir.1989).
An employer who violates RCW 49.52.050(2) may be held liable in a civil action by the aggrieved employee to judgment for twice the amount of the wages unlawfully withheld, together with costs of suit and attorney fees. RCW 49.52.070. Nevertheless, the statute's requirement that the employer act willfully and with intent presents a question of fact. Pope v. Univ. of Wash., 121 Wash.2d 479, 490, 852 P.2d 1055 (1993). An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and *261 not the result of a bona fide dispute as to the obligation of payment." Chelan County Deputy Sheriffs' Ass'n v. Chelan County, 109 Wash.2d 282, 300, 745 P.2d 1 (1987). Liability for damages under this statute would require substantial evidence that Yellow Freight acted willfully and with the intent to deprive its employees of their wages.
Implied Cause of Action
The Court of Appeals held that an implied cause of action exists under chapter 49.12 RCW. A cause of action will be implied if (1) "the plaintiff is within the class for whose `especial' benefit the statute was enacted;" (2) the "legislative intent, explicitly or implicitly, supports creating or denying a remedy;" and (3) "implying a remedy is consistent with the underlying purpose of the legislation." Bennett v. Hardy, 113 Wash.2d 912, 920-21, 784 P.2d 1258 (1990) (citing In re Wash. Pub. Power Supply Sys. Sec. Litig., 823 F.2d 1349, 1353 (9th Cir.1987)).
The Bennett factors, first propounded in an age discrimination case, are also applicable to the case before us. The first prong is satisfied because the workers' status as employees makes them the persons for whom WAC 296-126-092 was promulgated. The Court of Appeals found the second prong is also met, stating that "we may rely on the assumption that the Department of Labor and Industries, through the delegated authority of the Legislature, would not create a right to regular, periodic rest periods if it did not intend for employees to be able to enforce that right." Wingert, 104 Wash.App. at 591-92, 13 P.3d 677. Finally, it also appears that implying a remedy to ensure the health of Washington workers is consistent with the purpose of chapter 49.12 RCW to protect employees "from conditions of labor which have a pernicious effect on their health." RCW 49.12.010.
There are additional grounds for implying a private cause of action. While chapter 49.12 RCW provides that specifically named civil and criminal penalties "are exclusive remedies" for violations of child labor laws, no such limitations are stated for conditions of labor violations. RCW 49.12.420. Further, our courts have implied a private right of action against an employer who violates RCW 49.48.010 (unlawful to withhold or divert an employee's wages) even though violation of the statute also constitutes a misdemeanor. See Cameron v. Neon Sky, Inc., 41 Wash.App. 219, 223, 703 P.2d 315 (1985); RCW 49.48.020.
Summary
In sum, Yellow Freight's employees have an implied cause of action for unpaid wages as well as a statutory claim under RCW 49.52.070. However, our holding differs from the Court of Appeals' by requiring on remand of the statutory claim that the factual issue of willfulness be addressed in order to determine Yellow Freight's liability. In addition, the issue of damages must be determined with respect to each claim.
Collective Bargaining Agreement
The employees allege that the terms of the parties' collective bargaining agreement are inconsistent with the rest period requirements of WAC 296-126-092. Based on its interpretation of RCW 49.12.187, Yellow Freight argues that the collective bargaining agreement supersedes the state regulation.
The statute provides as follows:
This chapter shall not be construed to interfere with, impede, or in any way diminish the right of employees to bargain collectively with their employers through representatives of their own choosing concerning wages or standards or conditions of employment.
RCW 49.12.187.
Yellow Freight asserts that the statute permits employers and employees to freely modify regulation provisions. In other words, chapter 49.12 RCW merely provides default standards. The employees maintain that the statute restricts the scope of bargaining to wages and employment conditions that meet or exceed the statutory minimum standards.[1]
*262 Because the statute is susceptible to more than one reasonable interpretation, it is to be construed as ambiguous. Shoreline Cmty. Coll. No. 7 v. Employment Sec. Dep't, 120 Wash.2d 394, 405, 842 P.2d 938 (1992). "If the statute is ambiguous, the courts must construe the statute so as to effectuate the legislative intent." Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996).
Chapter 49.12 RCW contains emphatic language regarding the protection of workers: "The welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health." RCW 49.12.010. In addition, a broad provision addresses conditions of employment and wages:
It shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health; and it shall be unlawful to employ workers in any industry within the state of Washington at wages which are not adequate for their maintenance.
RCW 49.12.020.
This statutory language evidences a strong legislative intent that employees be afforded healthy working conditions and adequate wages. Allowing a collective bargaining agreement to decrease the frequency of workers' rest periods, especially without complying with RCW 49.12.105 in seeking a variance from the regulation's standards, would thwart that fundamental purpose.
The Court of Appeals correctly concluded as follows:
Washington's manifest policy of protecting the health and welfare of its employees by requiring periodic rest periods may not be abrogated by collective bargaining agreements. So long as the provisions of chapter 49.12 RCW operate as a base, parties may contract through collective bargaining for any terms that enhance or exceed those minimum standards.
Wingert, 104 Wash.App. at 596, 13 P.3d 677.
Federal Preemption
In its answer and affirmative defenses, Yellow Freight alleges that its employees' claims "are matters subject for collective bargaining pursuant to the National Labor Relations Act" and that the claims "are preempted by § 301 of the Labor Management Relations Act." CP at 9. However, these defenses were not pursued before the trial court. Yellow Freight's motion for summary judgment explicitly limits the issues for consideration to the following two queries:
A. Does Washington law provide for a civil action for non-wage violations, i.e., for claims that employees were not paid for time for which they were not required to work?
B. Does Washington law require an employer to pay overtime compensation equal to ten (10) minutes' work, to employees who work up to two (2) hours overtime without having a ten (10) minute break during those two hours?
CP at 74-75.
The parties and amici present federal preemption analyses for the first time before this Court. Yellow Freight asserts that 49 U.S.C. § 14501(c) preempts WAC 296-196-092. Pet. for Review at 2. However, "[a]rguments not raised in the trial court generally will not be considered on appeal." State v. Riley, 121 Wash.2d 22, 31, 846 P.2d 1365 (1993).
In addition, RAP 2.5(a) states:

*263 The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right. A party or the court may raise at any time the question of appellate court jurisdiction. A party may present a ground for affirming a trial court decision which was not presented to the trial court if the record has been sufficiently developed to fairly consider the ground. A party may raise a claim of error which was not raised by the party in the trial court if another party on the same side of the case has raised the claim of error in the trial court.
The preemptive effect of federal law is not an issue that satisfies any of the exceptions to the general rule. Yellow Freight's status as a motor carrier and the extent of its employees' involvement in interstate commerce are unclear. The record before us does not provide sufficient facts to adjudicate claims that federal statutes are applicable or that the state regulation is preempted by federal law. Therefore, without prejudice, we decline to reach this issue.

CONCLUSION
We affirm the Court of Appeals' decision that the order granting summary judgment be reversed, and we remand the matter for trial on the merits.
IRELAND, SMITH, MADSEN, BRIDGE, CHAMBERS and OWENS, JJ., concur.
ALEXANDER, C.J., dissents.
ALEXANDER, C.J. (dissenting).
Although I agree with the conclusion reached by Justice Sanders in his dissent, I write separately in order to set forth additional reasons for my disagreement with the majority's holding that Roger Wingert and the other named respondents (Wingert) have (1) a right to maintain a private cause of action pursuant to RCW 49.52.070, and (2) an implied cause of action under chapter 49.12 RCW.
As the majority observes, RCW 49.52.070 provides for a civil cause of action against employers who violate any provisions of subsections (1) and (2) of RCW 49.52.050. RCW 49.52.050(2) provides that it is a misdemeanor for an employer to "wilfully and with intent to deprive ... pay any employee a lower wage" than that required by "statute, ordinance, or contract." RCW 49.52.050 does not, however, provide that it is a misdemeanor to pay an employee a lesser wage than that which the employer is obligated to pay pursuant to a regulation. Application of the statute is limited by its own language to cases in which the employer has breached the requirements of a statute, ordinance, or contract. This is significant here because Wingert's cause of action against Yellow Freight is based on Yellow Freight's alleged violation of a regulation, WAC 296-126-092.
The majority recognizes that the plain language of the statute precludes its application for violations of a regulation. It nevertheless finds RCW 49.52.050 applicable here on the basis that "`properly promulgated, substantive agency regulations have the "force and effect of law." `" Majority at 260 (quoting Manor v. Nestle Food Co., 131 Wash.2d 439, 445, 932 P.2d 628, 945 P.2d 1119 (1997)). In doing so it ignores this court's repeated admonition that "`Courts should assume the Legislature means exactly what it says.' Plain words do not require construction." Berger v. Sonneland, 144 Wash.2d 91, 105, 26 P.3d 257 (2001) (footnote omitted) (quoting W. Telepage, Inc. v. City of Tacoma, 140 Wash.2d 599, 609, 998 P.2d 884 (2000)). Regulations can have the full force and effect of law, but they are not statutes. More importantly, regulations are not included under RCW 49.52.050. The effect of the majority's decision is to rewrite the statute to include regulations, a task that is only within the province of the legislature.
The majority also concludes that Wingert has an implied cause of action under chapter 49.12 RCW for unpaid wages. In reaching this conclusion, the majority employs the three-part test set forth in Bennett v. Hardy, 113 Wash.2d 912, 920-21, 784 P.2d 1258 (1990). The second part of that test asks *264 whether the "legislative intent, explicitly or implicitly, supports creating or denying a remedy." Id. at 920, 784 P.2d 1258. The majority answers this question in the affirmative, indicating that the Department of Labor and Industries, through authority delegated to it by the legislature, would not have enacted a regulation requiring periodic rests "`if it did not intend for employees to be able to enforce that right.'" Majority at 261 (emphasis added) (quoting Wingert v. Yellow Freight Sys., Inc., 104 Wash.App. 583, 591-92, 13 P.3d 677 (2000), review granted, 144 Wash.2d 1009, 32 P.3d 284 (2001)). While that is perhaps true, the legislature enacted RCW 49.52.050, and, as noted above, chose to omit violations of regulation as a basis for a cause of action. In short, it is the intent of the legislature that governs, and its intent is evinced by the language it has used in the statute. This court should adhere to the plain language and not imply a cause of action where one does not exist.
SANDERS, J. (dissenting).
The majority decision assumes that the regulations promulgated by the Department of Labor and Industries pursuant to chapter 49.12 RCW are minimal standards that cannot be waived, whether by an individual employee on an individual basis, e.g., an employee offering to forgo the 10 minute break in exchange for being allowed to leave 10 minutes early, or by the employee's union representative negotiating on behalf of the employee in the collective bargaining process. Because this assumption is neither supported by the text of the regulation nor consistent with the enabling statute, I dissent.
Regulations must be given their ordinary meaning. See, e.g., Hubbard v. State, 86 Wash.App. 119, 126, 936 P.2d 27 (1997). WAC 296-126-092(4) provides in pertinent part:
Employees shall be allowed a rest period of not less than 10 minutes, on the employer's time, for each 4 hours of working time.... No employee shall be required to work more than three hours without a rest period.
By its language, WAC 296-126-092(4) provides employees a right to regular breaks within a designated time frame. The majority, however, reads into this regulation an insupportable limitation on the employees' right to bargain away their breaks in exchange for more desirable conditions of employment, making no attempt to explain the absence of any express language that would deny them that right. Majority at 262.
Examples of such express language can be found in other regulations promulgated by the department. For example, WAC 296-130-500 explicitly states:
Nothing in this chapter shall be deemed to interfere with, impede, or in any way diminish the right of employees to bargain collectively with their employers through representatives of their own choosing in order to establish leave benefits in excess of the applicable minimum under the provisions of this chapter.
(Emphasis added.)
Similarly, WAC 296-24-005 provides:
The rules included in this chapter apply throughout the state of Washington, to any and all work places under the jurisdiction of the department of labor and industries. These rules are minimum safety requirements with which all industries must comply.
(Emphasis added.)
As the above examples demonstrate, the department knows how to draft a regulation that sets minimum standards, which may not be waived by employees exercising their bargaining power. Because the department "uses certain language in one instance but different, dissimilar language in another," we are to presume a difference in intent. Millay v. Cam, 135 Wash.2d 193, 202, 955 P.2d 791 (1998). Thus, the majority's conclusion that WAC 296-126-092 creates nonnegotiable rights has no legal basis.
Even if the department had intended to grant a nonwaivable rightand there is no evidence that it didthe creation of such a right would have exceeded the department's authority under the enabling act. See, e.g., State v. Munson, 23 Wash.App. 522, 525, 597 P.2d 440 (1979). The Washington Industrial
*265 Welfare Act, chapter 49.12 RCW, provides that:
the director shall have authority ... to prescribe rules and regulations fixing standards, conditions and hours of labor for the protection of the safety, health and welfare of employees for all or specified occupations subject to chapter 16, Laws of 1973 2nd ex. sess.
RCW 49.12.091. Nevertheless, the Legislature limited the authority of the department to promulgate regulations, barring those that would:
interfere with, impede, or in any way diminish the right of employees to bargain collectively with their employers through representatives of their own choosing concerning wages or standards or conditions of employment.
RCW 49.12.187 (emphasis added).
The majority recognizes that its interpretation of WAC 296-126-092 facially conflicts with RCW 49.12.187. Majority at 261 - 62. Astonishingly, it interprets this provision not as a limitation on the authority of the department to promulgate regulations, but rather as a limitation on the right of employees to collective bargaining. Id.
The majority reaches its wayward conclusion by rendering the plain language of RCW 49.12.187 ambiguous and then heedlessly adopting the interpretation of one of the parties without first evaluating the reasonableness of both parties' competing interpretations. By law a statute is ambiguous only:
if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable. The courts are not "obliged to discern an ambiguity by imagining a variety of alternative interpretations."
Berger v. Sonneland, 144 Wash.2d 91, 105, 26 P.3d 257 (2001) (emphasis added) (footnote omitted) (quoting W. Telepage, Inc. v. City of Tacoma, 140 Wash.2d 599, 609, 998 P.2d 884 (2000)). The majority decision makes light of this requirement by simply summarizing the parties' interpretations and concluding that in light of their differences the statute must be ambiguous. Majority at 262. This is error. Id.; see also Armstrong v. Safeco Ins. Co., 111 Wash.2d 784, 791, 765 P.2d 276 (1988) (ambiguity is not found "solely upon each party's ability to argue a distinct interpretation of the statute"); State v. Taplin, 55 Wash.App. 668, 670, 779 P.2d 1151 (1989) ("The parties' ability to argue two interpretations of a statute does not necessarily render the statute ambiguous.").
The employees' interpretation of RCW 49.12.187, which the majority has adopted as its own, is not only unreasonable, it is discordant. The avowed purpose of the Washington Industrial Welfare Act, chapter 49.12 RCW, is to protect Washington workers "from conditions of labor which have a pernicious effect on their health." RCW 49.12.010. The act provides for the regulation of "any occupation, trade or industry, subject to chapter 16, Laws of 1973 2nd ex. sess.," RCW 49.12.091. The various sections of the act either proscribe the procedures by which the department is to administer and enforce its regulations, see, e.g., RCW 49.12.050 (employers required to keep records of employees); RCW 49.12.101 (hearings); RCW 49.12.105 (requests for variances), or provide substantive rights to employees, see, e.g., RCW 49.12.150 (civil action to recover underpayment); RCW 49.12.175 (penalties for wage discrimination based on gender); RCW 49.12.270 (right to use accrued sick leave to care for sick child). Given the structure of the statute, it is simply incongruous to interpret RCW 49.12.187 as a limitation on the rights of employees.
I would find RCW 49.12.187 sufficiently definite as to preclude any statutory construction. As this court has repeatedly stated:
"Courts should assume the Legislature means exactly what it says." Plain words do not require construction. The courts do not engage in statutory interpretation of a statute that is unambiguous. If a statute is plain and unambiguous, its meaning must be derived from the wording of the statute itself.
Berger, 144 Wash.2d at 105, 26 P.3d 257 (footnotes omitted) (quoting W. Telepage, 140 Wash.2d at 609, 998 P.2d 884). Indeed, it is hard to imagine how the Legislature could have expressed its intent more clearly. Nevertheless, *266 the majority makes no attempt to account for the absence of language evidencing the intent it ascribes to the Legislature.
Such language is present, for example, in the Washington Family Leave Act, chapter 49.78 RCW, which authorized the promulgation of the above cited WAC 296-130-500 ("Nothing in this chapter shall be deemed to interfere with, impede, or in any way diminish the right of employees to bargain collectively with their employers through representatives of their own choosing in order to establish leave benefits in excess of the applicable minimum under the provisions of this chapter.").[1] This regulation accords with RCW 49.78.110, which states that employees' rights under the act "may not be diminished by any collective bargaining agreement." RCW 49.78.110(2).
Similarly, the Washington Industrial Safety and Health Act, chapter 49.17 RCW, explicitly provides that all provisions in collective bargaining agreements must "equal or exceed those established under the authority of this chapter." RCW 49.17.100.[2] WAC 296-24-005, cited above, accords with the statute, stating the department's regulations under the act create "minimum safety requirements."
Thus it is clear our Legislature understands how to enact nonnegotiable labor standards when it so desires. "It is well settled that where the Legislature uses certain language in one instance but different, dissimilar language in another, a difference in legislative intent is presumed." Millay, 135 Wash.2d at 202, 955 P.2d 791. Had our Legislature intended to grant the department the authority to create nonnegotiable rights, as the majority contends, it would have included language similar to the statutes cited above. As we stated in Millay,
Courts do not amend statutes by judicial construction, nor rewrite statutes "to avoid difficulties in construing and applying them." This court refrains from adding to, or subtracting from, the language of a statute unless imperatively required to make it rational.
Millay, 135 Wash.2d at 203, 955 P.2d 791 (citations omitted) (quoting Applied Indus. Materials Corp. v. Melton, 74 Wash.App. 73, 79, 872 P.2d 87 (1994)). Where, as here, the Legislature withholds authority from the department, the court should not construe the statute to provide the department with powers that the Legislature has declined to grant. However, this is precisely what the majority does.
For these reasons, I would affirm the trial court's dismissal and therefore dissent.
SANDERS and JOHNSON, JJ., dissent.
NOTES
[1] On appeal, Yellow Freight presented Department of Labor and Industries Interpretive Guideline No. ES-026, which "interprets the rest and meal period requirements of that regulation [WAC 296-126-092] not to apply when those subjects are covered in a collective bargaining agreement." Mot. for Recons. at 3. The employees submitted the Declaration of Greg Mowat, a former employee of the Department of Labor and Industries, who stated that "[i]t is the Department's position that a collective bargaining agreement cannot undercut application of the state meal and rest break provisions of RCW chapter 49.12 and WAC § 296-126-092 to individuals whose employment is subject to the collective bargaining agreement." Appellants' Statement of Additional Auth., Suppl. Auth. A at 2. Neither the guideline nor the declaration was submitted to the trial court. The guideline does not constitute a published agency rule under RCW 34.05.210; the declaration does not fall within the items of which the Court may take judicial notice under ER 201(b). Therefore, we decline to consider the documents.
[1] The text of this regulation is virtually the same as RCW 49.12.187 except that it adds the clause, "in excess of the applicable minimum."
[2] I note the Industrial Safety and Health Act, which contains language expressly authorizing the department to set minimum standards, was enacted during the same year as RCW 49.12.187. This reinforces my belief the absence of such language is intentional.