[No. 29366-1-III.   Division Three.   August 25, 2011.]

WASHINGTON STATE NURSES ASSOCIATION, *on Behalf of Certain of the Employees It Represents*, ET AL., *Respondents*, v. SACRED HEART MEDICAL CENTER, *Appellant*.

274

*Paula L. Lehmann* and *Michael J. Killeen* (of *Davis Wright Tremaine LLP*), for appellant.

*David C. Campbell* and *Carson Glickman-Flora* (of *Schwerin Campbell Barnard & Iglitzin LLP*), for respondents.

*Timothy J. O'Connell* and *Karin D. Jones* on behalf of Washington State Hospital Association, Multicare Health System, and Franciscan Health System, amici curiae.

¶1 SIDDOWAY, J. — Employers in Washington are required by state law to pay a minimum wage and to pay overtime at time and one-half. These rights are not subject to negotiation or collective bargaining. Here, the Washington State Nurses Association and one of its members (collectively Nurses) sued their employer hospital for violation of the Washington Minimum Wage Act (MWA)[1] based on the way the hospital compensated them for missed rest breaks. We conclude that the employer did not violate the MWA by the way in which it compensated the Nurses for the missed breaks and reverse the superior court's judgment to the contrary.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Sacred Heart Medical Center[2] is a full service medical center located in Spokane, Washington. Registered nurses staff nearly all of its departments. The nurses belong to a union and are represented by the Washington State Nurses Association. Sacred Heart and the Nurses have entered into a collective bargaining agreement (CBA) that spells out terms and conditions of employment, including wages, work schedules, and rest breaks.

¶3 In 2004, the Nurses filed a grievance because Sacred Heart did not consistently provide two CBA-mandated 15-minute rest breaks during an 8-hour workday. The

---

[1] Ch. 49.46 RCW.

[2] We note the medical center is now referred to as Providence Sacred Heart Medical Center.

grievance went to labor arbitration. The arbitrator ordered that Sacred Heart ensure that the Nurses get their 15-minute breaks and pay the Nurses for any rest breaks missed in the past at a straight-time rate. Clerk's Papers (CP) at 491-92.

¶4 Following the arbitrator's decision, Sacred Heart implemented a system to track the missed rest breaks. It required nurses who missed a break to complete a "Missed Break Request" form and submit it to a nurse manager for signature. A report of each missed break was entered into Sacred Heart's electronic timekeeping system, and nurses were compensated for the missed breaks at their straight-time rate. Accordingly, if a nurse missed a rest break (15 minutes) in an 8-hour period, the nurse received 15 additional minutes of pay (8.25 total hours of pay) at the regular rate.

¶5 In 2007, the Nurses brought this action against Sacred Heart, claiming entitlement to overtime pay, not straight time, for a portion of their missed rest breaks. They claimed that Sacred Heart had violated the MWA by failing to pay them time and one-half for a 10-minute portion of the missed rest breaks. The Nurses' claim involved only rest breaks that were missed during the first 40 hours of a nurse's workweek. This case does not present a dispute over Sacred Heart's responsibility to pay overtime with respect to hours worked and rest breaks earned when a nurse is on duty and working at the prescribed workplace for more than 40 hours in a workweek.

¶6 Key to the Nurses' claim is a Washington industrial welfare regulation, WAC 296-126-092(4), which provides, with respect to all Washington employers and employees, that for every 4 hours worked, an employee must be afforded a paid 10-minute rest break. The Nurses claim that the same work demands that prevented them from taking their CBA-mandated 15-minute breaks were preventing them from enjoying even the 10-minute break required by state law. The Nurses contended that the

remedy for deprivation of their state-mandated 10-minute breaks should be time and one-half under the MWA.

¶7 Sacred Heart took the position that the Nurses' claim implicated the CBA, was therefore subject to federal jurisdiction, and removed the case to federal court. The Nurses responded that their claims were based exclusively on the MWA and would not require interpretation of the CBA. The federal district court agreed with the Nurses, concluded there was therefore no federal jurisdiction, and remanded the matter to state court.

¶8 In superior court, the Nurses argued, relying on *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 848, 50 P.3d 256 (2002), that when a state-mandated rest break is missed it constitutes additional "hours worked." They argued that these "hours worked" should be added onto their other hours worked during the week and, if the sum is in excess of 40 hours, they should receive overtime pay. Sacred Heart responded that the Nurses were not working in excess of 40 hours a week when they missed the rest breaks because the break periods were included in, and a part of, the Nurses' 40-hour week. As a result, Sacred Heart argued, the straight-time compensation they received was sufficient under both state law and the CBA.

¶9 The superior court ultimately agreed with the Nurses. In determining entitlement to overtime, the court also agreed with the Nurses that the 15 minutes of straight time they were paid for a missed CBA-mandated rest break should not be taken into consideration in determining whether overtime was owed; in other words, missed breaks should be compensated at time and one-half for the first 10 minutes missed but still compensated at straight time for the remaining 5 minutes of break time provided by the CBA.

¶10 The court awarded $52,361.41 in compensation and prejudgment interest; $52,361.41 in double damages for a willful violation; $200,000.00 in attorney fees for a willful violation; and $22,545.42 in expenses, including $11,800.00

in expenses for a statistician for a total judgment of $327,268.24.

¶11 Sacred Heart appeals.

## ANALYSIS

¶12 This dispute was resolved by summary judgment, the material facts are undisputed, and the questions presented are all questions of law. For all of those reasons our review is de novo. *Davis v. Microsoft Corp.*, 149 Wn.2d 521, 530-31, 70 P.3d 126 (2003). Whether a dispute is properly the subject of labor arbitration is a question of law that we will also review de novo. *Yakima County v. Yakima County Law Enforcement Officers Guild*, 157 Wn. App. 304, 325-26, 237 P.3d 316 (2010).

¶13 Federal labor law generally requires employees to seek redress for grievances through arbitration if there is an applicable CBA providing for such dispute resolution, but not all employment grievances must be arbitrated under the CBA. State labor laws guaranteeing a minimum wage and minimum pay for overtime are not preempted by federal labor policy; those rights are nonnegotiable, substantive, and do not depend on the CBA. *Wilson v. City of Monroe*, 88 Wn. App. 113, 117, 943 P.2d 1134 (1997), *review denied*, 134 Wn.2d 1028 (1998); *Huntley v. Frito-Lay, Inc.*, 96 Wn. App. 398, 401-02, 979 P.2d 488 (1999), *cert. denied*, 531 U.S. 818 (2000).

¶14 The Nurses' complaint asserts their claim on pure MWA grounds, and the federal district court remanded the suit to state court after accepting the Nurses' arguments that their claim was based on a violation of state minimum wage law and did not require interpretation of the CBA. We accept this characterization of the claim and pass on whether Sacred Heart has violated the MWA by the way in which it compensates the Nurses for lost rest breaks.

¶15 The MWA generally requires that no employer employ any employee *"for a work week longer than forty*

*hours* unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed." RCW 49.46.130(1)[3] (emphasis added). "Hours worked" is defined by WAC 296-126--002(8) to mean "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." The definition in WAC 296-126-002(8) has been followed by the Washington Supreme Court in MWA cases. *Stevens v. Brink's Home Sec., Inc.*, 162 Wn.2d 42, 47, 169 P.3d 473 (2007).

¶16 As noted above, the asserted "overtime" at issue in this case is for all missed rest breaks during the first 40 hours that a nurse works in a given workweek. During that first 40 hours, WAC 296-126-092(4) requires that for every 4 hours worked, they must be afforded a paid 10-minute rest period.[4] For an 8-hour day, then, two 10-minute rest periods are mandated. The Nurses were unable to take the mandated 10-minute rest periods because of demands of their employment. WAC 296-126-092(4) was adopted under the authority of the industrial welfare act, chapter 49.12 RCW, not the MWA. *Wingert*, 146 Wn.2d at 847.

¶17 The regulation does not provide for a remedy when employees are denied the mandated rest periods. In *Wingert*, the Washington Supreme Court held that employees enjoy both a statutory claim under RCW 49.52.070 and an implied private right of action under chapter 49.12 RCW for breach of the industrial welfare regulation. *Id.* at 849-50. It acknowledged that since the rest periods are already

---

[3] We quote the current version of RCW 49.46.130(1), which was amended by Laws of 2010, chapter 8, section 12045 to make the language gender neutral.

[4] The relevant section of WAC 296-126-092 provides in full:

"(4) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period."

compensated, "[t]his case does not present the usual situation where employees seek to recover wages for uncompensated work" because, as Yellow Freight argued, "its employees [had] been paid for all the time they worked, so its failure to provide rest periods [did] not [result] in lost wages." *Id.* at 848-49. But as noted by the court, employees required to work through what was supposed to be a paid rest period "are, in effect, providing Yellow Freight with an additional 10 minutes of labor during the first . . . hours of their . . . assignments"[5] and "[w]hen the employees are not provided with the mandated rest period, their workday is extended by 10 minutes." *Id.* at 849. Taking the regulation into account, the court held that where an employee was deprived of the respite to which she or he was entitled during a mandated rest period, the employee was entitled to be compensated by Yellow Freight for an additional 10 minutes of work. *Id.* For an 8-hour workday, the Nurses' clear entitlement under *Wingert*, then, is to be paid at their regular rate for any 10-minute rest period they were unable to take.

¶18 As a result of procedures followed after the 2006 arbitration decision, the Nurses have documented their missed 15-minute rest breaks and Sacred Heart has compensated them for the full amount at their regular hourly rate. Accordingly, a Nurse who is on duty at the prescribed workplace 8 hours, for an 8-hour workday, and who misses both rest periods, is compensated for 8 hours and 30 minutes. The Nurse thereby receives more than double time for the WAC-mandated rest period: regular compensation for the 30 minutes in the workday during which she or he was entitled to take rest periods but was unable to, and another 30 minutes' compensation because Sacred Heart

---

[5] Yellow Freight's employees were complaining of its failure to provide rest periods not during the first 40 hours of their employment during the workweek (they conceded receiving paid breaks during that period) but instead during periods of overtime, which was frequently required. We omit references to the "overtime" setting of the Yellow Freight claims, since it is irrelevant and potentially confusing.

received an additional 30 minutes of labor that it would not have received had the rest periods been taken.

¶19 In this case, the Nurses seek a remedy never discussed in *Wingert*. Relying on *Wingert*'s language that "[w]hen the employees are not provided with the mandated rest period, their workday is *extended* by 10 minutes," *id.* (emphasis added), the Nurses argue that this so-called "extension" of their workday takes them beyond a 40-hour workweek, thereby entitling them, under the MWA, to be compensated for the time "exceeding" 40 hours at time and one-half. Rather than being paid more than double time for a forgone rest period, then, they seek compensation amounting to 2.5 times their regular rate of pay.

¶20 But argument from the statement in *Wingert* that the workday is "extended" ignores *Wingert*'s adjoining statement that employees deprived of rest periods "in effect, provid[e] Yellow Freight with an additional 10 minutes of labor *during* the first . . . hours of their . . . assignments." *Id.* (emphasis added). Of the two *Wingert* characterizations, and for purposes of applying the MWA, the description of the forgone rest period as providing the employer with additional labor *during* the workday is more accurate than treating it as an extension, since entitlement to time and one-half under the MWA turns on the amount of time an employee is actually required to spend at the prescribed workplace, with no reference to a number of hours she or he is "deemed" to have worked.

¶21 Reaching out to the MWA for a time and one-half payment remedy where an employer violates an industrial-welfare regulation dealing with rest periods is then no more called for than reaching out to the MWA for a time and one-half payment remedy where an employer violates other industrial welfare regulations, such as WAC 296-126-210 (dealing with impermissible meal or lodging charges) or WAC 296-126-222 (sanitation and safety). And of course *Wingert* holds that the proper remedy for a violation of the rest period regulation is to compensate the employee for the

work, without any reference to the MWA or to any enhanced rate of pay. 146 Wn.2d at 849. Because the additional labor is provided during, not after, the employee's work assignment, and because the Nurses' claims are for rest periods denied during the first 40 hours of a given workweek, the 40-hour workweek is not exceeded and neither the language of nor the policy reflected by the MWA comes into play.

¶22 Additionally, even if the MWA applied, Sacred Heart—although not obliged to do so by the MWA—has in fact paid the Nurses 15 minutes' worth of compensation for every rest break missed. This is undisputed. Nonetheless, the Nurses persuaded the superior court that it should not take Sacred Heart's payment of 15 minutes' compensation for their contracted-for breaks under the CBA into consideration because to treat Sacred Heart's payment for 15-minute rest breaks as sufficient overtime payment for a forgone 10-minute state-mandated rest period "would essentially leave the nurses without pay for five minutes of their *contractually obligated* rest break period." CP at 925 (emphasis added). We see no way that the trial court or we can conclude that the CBA is thereby violated without interpreting the CBA. Clearly Sacred Heart has a different view of the CBA. For this additional reason, we find no violation of the MWA. If the Nurses believe that their rights *under the CBA* are offended by this application of the MWA, then they have a claim under the CBA, not the MWA.

¶23 We conclude that Sacred Heart has satisfied its obligation under Washington's version of the MWA by the way in which it compensates the Nurses for missed rest breaks. We reverse the decision of the trial court and dismiss the suit.

SWEENEY, J., concurs.

¶24 BROWN, J. (dissenting) — The problem here is Sacred Heart Medical Center's extraction of additional labor by working its nurses through their breaks. The question is not whether the nurses bargained for 15-minute breaks under

their collective bargaining agreement (CBA), but whether Washington law applies when the nurses work without any break, collectively bargained for or not. When more than a 40-hour week is worked by the nurses, then the Washington Minimum Wage Act (MWA) requires payment for a lost 10-minute rest period in a 4-hour working period at time and one-half. RCW 49.46.130; WAC 296-126-092(4).

¶25 The federal court correctly recognized our legal landscape when remanding this matter to the superior court and noting the nurses' "claims are based on a right conferred by the MWA, not the CBA" and while the CBA reference will be required, "there is no indication that determining a particular nurse's wage will require *interpretation* of the CBA." Clerk's Papers (CP) at 249-50.

¶26 In my view, the superior court correctly applied *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 849, 50 P.3d 256 (2002) when granting partial summary relief to the nurses, and reasoning that "for purposes of this case, ten minutes of nurses' missed rest break is at issue here and must be compensated at the appropriate time and one-half rate of a nurse's 'regular rate of pay' when it results in overtime pursuant to RCW 49.46.130." CP at 921. The final order correctly clarifies that nurses who missed a rest break resulting in overtime hours are owed 10 minutes at time and one-half for a total of 15 minutes of pay, plus 5 minutes of straight-time pay in accordance with the CBA. I differ with the superior court's grant of double damages solely because considering the lack of authority regarding missed rest periods as hours worked, I would hold this is a bona fide dispute regarding the payment of wages. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 160, 961 P.2d 371 (1998).

¶27 Because I would affirm the superior court except for double damages, I respectfully dissent.