[No. 86563-9.    En Banc.]

Argued May 8, 2012.    Decided October 25, 2012.

WASHINGTON STATE NURSES ASSOCIATION ET AL., *Petitioners*, v. SACRED HEART MEDICAL CENTER, *Respondent*.

*David C. Campbell, Carson Glickman-Flora,* and *Dmitri L. Iglitzin* (of *Schwerin Campbell Barnard Iglitzin & Lavitt LLP*), for petitioners.

*Paula L. Lehmann* and *Michael J. Killeen* (of *Davis Wright Tremaine LLP*), for respondent.

*Timothy J. O'Connell* and *Karin D. Jones* on behalf of Multicare Health System, Washington State Hospital Association, and Franciscan Health System, amici curiae.

*Martin S. Garfinkel* and *Adam J. Berger* on behalf of Washington State Labor Council and SEIU Healthcare 1199NW, amici curiae.

*Aaron M. Streepy* and *James G. McGuinness* on behalf of United Food and Commercial Workers Local No. 21, United Food and Commercial Workers Local No. 141, and United Staff Nurses Union, amici curiae.

*Eleanor Hamburger* on behalf of American Nurses Association, amicus curiae.

*James P. Mills, Assistant Attorney General,* on behalf of Department of Labor and Industries, amicus curiae.

*Toby J. Marshall* and *Stephen K. Festor* on behalf of Washington Employment Lawyers Association, amicus curiae.

---

¶1 MADSEN, C.J. — Washington State Nurses Association (WSNA) seeks overtime pay pursuant to the Minimum Wage Act (MWA), RCW 49.46.130, for work performed by the approximately 1,200 registered nurses employed by Sacred Heart Medical Center in Spokane, Washington. Sacred Heart, at all times pertinent to this lawsuit, was obligated by its collective bargaining agreement (CBA) with WSNA to provide its nurses with a paid 15 minute block rest period each four hour work period. The parties do not dispute that when a rest period was missed, Sacred Heart provided the nurses with the equivalent of 30 minutes of

straight time compensation: the 15 minutes they would have received had they merely rested as well as 15 additional minutes for instead working during the period.

¶2 Relying on a Washington industrial welfare regulation, WAC 296-126-092(4), requiring a 10 minute rest period on the employer's time for every four hours worked, along with RCW 49.46.130, the nurses claim they are entitled to overtime pay, not just the straight pay they already received, for 10 of the 15 minutes of each rest period they missed. Because they claim they were entitled to 10 minutes of overtime (paid at a rate of time and one-half), the nurses contend they were underpaid the equivalent of 5 minutes of straight time for each missed break. Nurses rely heavily on *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 50 P.3d 256 (2002), where this court found that an employer's failure to provide a required 10 minute rest break extended the workday by 10 minutes. This case hinges on how "hours worked" are calculated: whether the 15 minutes nurses spent working through their breaks should be added to or substituted for the 15 minutes they would have spent at rest.

¶3 We hold that both the missed opportunity to rest and the additional labor nurses provide constitute "hours worked." Even though Sacred Heart did not require the nurses to physically remain at the hospital after the end of the workday to make up their rest periods, nurses are entitled to overtime compensation because they provided additional labor to Sacred Heart.

¶4 We reinstate the trial court's order awarding damages, attorney fees, and costs to WSNA. However, we reverse the award of double damages ordered by the trial court.

## FACTS AND PROCEDURAL HISTORY

¶5 In 2004, WSNA filed a grievance because Sacred Heart did not consistently provide two CBA-mandated 15

minute rest breaks during an eight hour workday. In 2006, an arbitrator resolved the dispute in favor of WSNA. Sacred Heart had failed to keep records of the missed rest periods, so the arbitrator also ordered that the nurses complete sworn affidavits indicating how many rest periods they had missed between January 2005 and May 2006. The nurses received from Sacred Heart an additional 15 minutes of straight time, without interest, for each break missed. The arbitrator also ordered that Sacred Heart provide nurses with the required rest periods going forward.

¶6 Since approximately June 2006, nurses who cannot take a rest period complete a "Missed Break Request" form and submit it to a nurse manager or the payroll department. Using these forms, Sacred Heart timekeepers make notations in the electronic timekeeping system. Sacred Heart compensates these missed breaks in straight time, not overtime. Thus, when a nurse works through one 15 minute break while completing an eight hour shift, he or she receives the equivalent of 8.25 hours of straight pay for that day.

¶7 WSNA brought this action against Sacred Heart to determine whether Sacred Heart should have provided nurses overtime pay for their additional labor. Before the trial court made its ruling, Sacred Heart removed the case to federal court because it believed the lawsuit implicated the CBA and federal law. *See Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.*, No. CV-08-0054-EFS, 2008 WL 1969732, at *1, 2008 U.S. Dist. LEXIS 38919, at *1-2 (E.D. Wash. May 5, 2008) (unpublished). WSNA responded that its claims were based exclusively on the MWA and would not require interpretation of the CBA. *Id.* The federal district court agreed with WSNA, concluded there was no federal jurisdiction, and remanded the matter to state court. *Id.*

¶8 Upon remand, the trial court found,

[c]onsistent with the Washington Supreme Court's decision in *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 849, 50

P.3d 256 (2002), Vivian Mae Hill and the nurses represented by WSNA . . . who worked through their rest periods provided their employer Sacred Heart Medical Center (SHMC) with additional time worked. Although SHMC provides nurses with a 15-minute rest period for each four hours of work, state law requires only a 10-minute rest period. Therefore, for purposes of this case, ten minutes of nurses' missed rest break is at issue here and must [be] compensated at the appropriate time and one-half rate of a nurse's "regular rate of pay" when it results in overtime pursuant to RCW 49.46.130.

Clerk's Papers (CP) at 921. The trial court granted summary judgment for plaintiff WSNA, concluding that Sacred Heart owed WSNA $52,361.41 in compensation and prejudgment interest, $52,361.41 in double damages for a willful violation, $200,000.00 in attorney fees, and $22,545.42 in expenses, for a total judgment of $327,268.24. *Id.* at 1559-60.

¶9 The Court of Appeals reversed the trial court and dismissed the lawsuit. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 163 Wn. App. 272, 282, 258 P.3d 96 (2011). The court reasoned that the forgone rest periods are more accurately viewed as providing the employer with additional labor during the workday than as an extension of the workday. *Id.* at 281. The Court of Appeals concluded that "entitlement to time and one-half under the MWA turns on the amount of time an employee is actually required to spend at the prescribed workplace, with no reference to a number of hours she or he is 'deemed' to have worked." *Id.*

## ANALYSIS

¶10 This dispute was resolved by summary judgment, the material facts are undisputed, and the questions presented are all questions of law. For these reasons, our review is de novo. *Davis v. Microsoft Corp.*, 149 Wn.2d 521, 530-31, 70 P.3d 126 (2003).

¶11 RCW 49.46.130(1) provides:

Except as otherwise provided in this section, no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed.

According to WAC 296-126-092(4), "Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. . . . No employee shall be required to work more than three hours without a rest period." " 'Hours worked' shall be considered to mean all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." WAC 296-126--002(8). "An analysis of 'hours worked' must be determined on a case-by-case basis, depending on the facts." Wash. Dep't of Labor & Indus., Admin. Policy ES.C.2 § 1, at 1. Under federal law, rest periods "must be counted as hours worked" and "may not be offset against other working time." 29 C.F.R. § 785.18; *see also Inniss v. Tandy Corp.*, 141 Wn.2d 517, 525, 7 P.3d 807 (2000) (this court may consider the Code of Federal Regulations as persuasive authority when construing provisions of the MWA).

¶12 This court's decision in *Wingert* frames the issue presented here. In *Wingert*, 146 Wn.2d at 845-46, 849, the employer required its employees to immediately begin two-hour overtime shifts after completing their normal shift, without a break to separate the two shifts, in violation of an industrial welfare act (IWA) (chapter 49.12 RCW) regulation, WAC 296-126-092(4). The court found,

Employees who must work through their overtime break are, in effect, providing Yellow Freight with an additional 10 minutes of labor during the first two hours of their overtime assignments. When the employees are not provided with the mandated rest period, their workday is extended by 10 minutes. Taking the regulation into account, the employees are entitled to be compensated by Yellow Freight for 2 hours and 10 minutes of work.

*Id.* at 849. Thus, the court concluded that working through a break effectively extends the workday by 10 minutes. *Id.* The employees, therefore, were entitled to compensation for an additional 10 minutes of overtime. *Id.*

¶13 Based on *Wingert*, WSNA argues that if a 40 hour workweek is extended by 10 minutes when a break is missed, then nurses are entitled to overtime pay for their missed breaks. Sacred Heart responds that *Wingert* stands for the proposition that the IWA, not the MWA, dictates the remedy for missed breaks: straight pay compensation.

¶14 Sacred Heart asserts and the Court of Appeals agreed that while there may have been a violation of WAC 296-126-092(4), there was no violation of the MWA, the basis of WSNA's claim for overtime compensation.[1] *Wash. State Nurses Ass'n*, 163 Wn. App. at 281-82. While WAC 296-126-092(4) ensures employees get a paid 10 minute break every 4 hours, the MWA guarantees employees receive overtime pay for a workweek exceeding 40 hours. According to Sacred Heart, WAC 296-126-092(4) controls here, not the MWA, because nurses may have missed breaks but were not "authorized or required by the employer to be on duty on the employer's premises" for more than eight hours per day. WAC 296-126-002(8). Sacred Heart asserts the proper remedy for its failure to provide a rest break for each four hours of work is the straight time compensation nurses have already received. This is so, Sacred Heath argues, because WAC 296-126-092(4) does not provide for overtime compensation. Sacred Heart maintains the MWA's overtime compensation scheme is not triggered because nurses missing breaks worked harder but not longer for purposes of calculating "hours worked." *See* RCW 49.46.130(1) (overtime is triggered only when an employee works longer than 40 hours in a week); WAC 296-126-002(8).

---

[1] Although WAC 296-126-092 applies to the IWA, not the MWA, the two statutory schemes often work in concert. For example, WAC 296-126-092 applies to all occupations subject to the IWA. In turn, the IWA broadly applies to all employees. RCW 49.12.005.

¶15  Sacred Heart's argument presumes that nurses did not work more than 40 hours either because the missed rest period or the time spent working through the rest period do not constitute "hours worked." However, nurses must be credited with 0.25 "hours worked" for the time allotted for rest whether they are able to actually rest or not. *See* 29 C.F.R. § 785.18 ("[c]ompensable time of rest periods may not be offset against other working time"); *Wingert*, 146 Wn.2d at 849 (concluding an employee who missed a 10 minute break while working for two hours in effect worked for two hours and 10 minutes). "Employees may not waive their right to a rest period." Wash. Dep't of Labor & Indus., Admin. Policy ES.C.6 § 9, at 4. Sacred Heart itself recognizes that rest periods constitute "hours worked," since it credits a nurse who takes all rest breaks allowed by law with eight "hours worked."

¶16  Because both the rest break time and additional labor time constitute "hours worked," nurses' workdays were extended by 15 minutes when they missed breaks. A nurse who misses a break is already compensated by Sacred Heart for the 15 minute break as well as 15 minutes for the labor. Although the nurses worked during rest periods, the nurses were still entitled to compensation for 10 minutes of "hours worked" for each missed break. WAC 296-126-092(4). The additional labor Sacred Heart received when the nurses worked through their breaks was the equivalent of labor Sacred Heart otherwise would have secured by requiring nurses to work overtime only at the end of their shifts. By putting nurses in a situation where they could not take their breaks, in violation of WAC 296-126-092(4), Sacred Heart effectively "authorized or required" nurses "to be on duty on the employer's premises" to perform work equivalent to an overtime shift after the end of their normal workday. WAC 296-126-002(8). Even though the nurses did not physically remain past the time they would normally go home, Sacred Heart may not avoid its obligation to provide 10 minutes of "hours worked" for rest or to treat time spent working as "hours worked."

¶17 Under Sacred Heart's argument, the MWA and its overtime provision would be triggered only if it required nurses to remain on the premises after the end of their shifts. However, WAC 296-126-092(4) provides that each nurse receive a rest period of "not less than ten minutes, *on the employers time*, for each four hours of working time." In addition, the Washington Department of Labor and Industries advises employers that when their employees miss breaks, employers must reduce employees' work time accordingly or pay overtime compensation. Although "[n]othing in this regulation [WAC 296-126-092(4)] prohibits an employer from requiring employees to remain on the premises during their rest periods," Sacred Heart does not argue or demonstrate that it has such a requirement. Admin. Policy E.S.C.6 § 10, at 4. Because rest periods may not be offset by time spent working, nurses in this case were entitled to 0.25 "hours worked" for their breaks and an additional 0.25 "hours worked" for working through their breaks. *See* 29 C.F.R. § 785.18. These additional hours extended the nurses workweek beyond 40 hours, thus triggering the overtime provisions of RCW 49.46.130(1).

¶18 As noted by WSNA, if this court were to accept Sacred Heart's argument, Sacred Heart would be incentivized to employ fewer nurses for each shift, relying on those nurses to bear a heavy burden on busy days. In contrast, compensating employees who forgo their rest periods with overtime pay will help to ensure that employers continue to provide these breaks to their employees. Rest periods are mandatory and promote employee efficiency. 29 C.F.R. § 785.18. Further, rest periods help ensure nurses can maintain the necessary awareness and focus required to provide safe and quality patient care.

¶19 Based on our decision in *Wingert*, on the statutes and regulations governing overtime compensation and rest breaks, and on considerations of employee health and patient care, we hold that the nurses are entitled to overtime compensation for the first 10 minutes of each break they missed.

¶20 In reaching a contrary result, the Court of Appeals agreed with Sacred Heart that it would be impossible to provide nurses relief without impermissibly interpreting the CBA. The court found that Sacred Heart already paid the nurses 15 minutes worth of compensation for every rest break missed, and to require it to pay more would impermissibly require interpretation of the CBA. *Wash. State Nurses Ass'n*, 163 Wn. App. at 282.

■ ¶21 WSNA correctly observes that "[w]hile it is true that an employee cannot enforce a collective bargaining agreement in state court, Washington courts have consistently and repeatedly rejected the idea that reference to a CBA extinguishes a claim based on a state law." Suppl. Br. of Pet'r Wash. State Nurses Ass'n at 7-8 (citation omitted). We agree with the federal court's conclusion that

> the CBA need not be interpreted in order to determine whether Sacred Heart complied with the MWA. In the event that [WSNA] is successful and damages need to be calculated, *reference* to the CBA will be required, but there is no indication that determining a particular nurse's wage rate will require *interpretation* of the CBA.

*Wash. State Nurses Ass'n*, 2008 WL 1969732, at *1, 2008 U.S. Dist. LEXIS 38919, at *3. The Court of Appeals concluded that the two parties have different views of the meaning of the CBA. *Wash. State Nurses Ass'n*, 163 Wn. App. at 282. However, what is actually in dispute is whether missed rest periods trigger overtime payment for the first 10 minutes of each missed break under state law, not the meaning of the CBA.

¶22 We agree with WSNA that it is unnecessary to interpret the CBA to resolve the legal issue in this case.

■ ■ ¶23 Because we conclude that Sacred Heart violated the MWA, we must also decide whether the trial court properly awarded double damages to WSNA. "The question of whether the employer willfully withheld money owed . . . is a question of fact; our review is limited to whether there

was substantial evidence to uphold the court's decision." *Lillig v. Becton-Dickinson*, 105 Wn.2d 653, 660, 717 P.2d 1371 (1986). Although the question of whether the employer willfully withheld money is a factual one, it can be resolved on summary judgment when no material facts are in dispute. *Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 167-68, 961 P.2d 371 (1998).

¶24 The trial court granted summary judgment to WSNA on the question of whether Sacred Heart's failure to pay overtime wages was a willful violation and determined there was no bona fide dispute as defined by Washington cases interpreting RCW 49.52.070.

¶25 RCW 49.52.070 states, "Any employer . . . who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee . . . to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees." RCW 49.52.050(2) in turn makes it illegal for an employer to act "[w]ilfully and with intent to deprive the employee of any part of his or her wages." Where an employer fails to pay wages owed, only two instances negate a finding of willfulness: (1) " 'the employer was careless or erred in failing to pay' " or (2) " 'a "bona fide" dispute existed between the employer and employee regarding the payment of wages.' " *Morgan v. Kingen*, 166 Wn.2d 526, 534, 210 P.3d 995 (2009) (quoting *Schilling*, 136 Wn.2d at 160). A bona fide dispute is a " 'fairly debatable' " dispute over whether all or a portion of wages must be paid. *Schilling*, 136 Wn.2d at 161. The burden falls on the employer to show the bona fide dispute exception applies. *See id*. at 165. Generally, an employer who follows the provisions of a CBA "with respect to overtime wages and compensatory time" does not willfully deprive employees of wages or salary. *Champagne v. Thurston County*, 163 Wn.2d 69, 82, 178 P.3d 936 (2008).

¶26 WSNA maintains there is no bona fide dispute here because Sacred Heart does no more than present a contrary

interpretation of the law. To support its contention, WSNA refers to a Court of Appeals case, stating the Court of Appeals held there was "not a bona fide dispute when the employer attempted to argue that the federal cases the Department of Labor and Industries relied upon for its finding that the Washington Minimum Wage Act was not preempted by the Federal Motor Carrier Act was wrongly decided." Br. of Resp'ts at 33 (citing *Dep't of Labor & Indus. v. Overnite Transp. Co.*, 67 Wn. App. 24, 35-36, 834 P.2d 638 (1992)). The court dismissed the employer's argument as not sufficiently meritorious to raise a bona fide dispute. *Overnite Transp. Co.*, 67 Wn. App. at 36. WSNA argues that Sacred Heart's claim that a bona fide dispute exists here is similarly without merit.

¶27 Sacred Heart responds that WSNA requests an unprecedented remedy that goes beyond that which was awarded in *Wingert*. It further claims that there was no willful deprivation because it fully complied with the CBA.

¶28 We find a bona fide dispute existed between Sacred Heart and WSNA regarding whether straight pay or overtime pay was the appropriate method of compensation for the missed rest periods. As a result of the 2004-2006 arbitration regarding the same type of missed breaks at issue here, the arbitrator interpreted the CBA by ordering Sacred Heart to compensate its nurses for each missed break with 15 minutes of straight pay. The arbitrator did not require any overtime compensation for missed breaks.

¶29 In *Champagne*, 163 Wn.2d at 82, this court held that the employer's compensation scheme, paying its employees additional pay at the end of the month subsequent to the month in which it is earned, violated former WAC 296-128--035 (1989). Yet, the court concluded that because the scheme complied with the CBA and there was no allegation of bad faith, "the record lacks the requisite substantial evidence that gives rise to a finding of willful withholding." *Id.*

¶30 As in *Champagne*, the employer in this case followed the terms of a CBA as interpreted by an arbitrator. *See id.*

Like the employees in *Champagne*, WSNA has not alleged that Sacred Heart acted in bad faith. *See id.* And, as in *Champagne*, the conflict at issue is a fairly debatable dispute over proper wages. Sacred Heart reasonably believed it was following the CBA, as interpreted by the arbitrator. Accordingly, we hold that the evidence is not sufficient to meet the "[w]ilfully and with intent to deprive" standard under RCW 49.52.050(2).

¶31 Finally, we must decide whether the trial court properly awarded attorney fees and costs to WSNA.

¶32 Although the trial court awarded attorney fees pursuant to RCW 49.52.070 because it found a willful deprivation, WSNA also requested attorney fees and costs under RCW 49.48.030 and 49.46.090(1) (providing for attorney fees and costs for any person who is successful in recovering judgment for wages or salary owed to him or her). WSNA further requested from the trial court "[s]uch other and further relief as the Court deems just and proper." CP at 29. WSNA again raised RCW 49.48.030 and 49.46.090(1) at the Court of Appeals. Because we hold Sacred Heart improperly failed to pay overtime compensation we affirm the award of attorney fees and costs.

## CONCLUSION

¶33 We reinstate the trial court's order awarding damages, attorney fees, and costs to WSNA. Because the record in this case does not provide substantial evidence to support a finding that Sacred Heart willfully deprived its nurses of wages, we reverse the award of double damages.

C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, WIGGINS, and GONZÁLEZ, JJ., concur.

Respondent's motion for reconsideration denied April 2, 2013. Petitioner's motion for reconsideration granted and appellate attorney fees and expenses awarded to petitioner April 2, 2013.