

FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE JUN 29 2017

Fairhurst, CJ.
CHIEF JUSTICE

This opinion was filed for record

at 8:00 am on June 29, 2017

Susan L. Carlson

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON IN | ) ) ) ) ) | No. 93564-5 |
| MICHAEL BRADY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | En Banc |
| AUTOZONE STORES, INC. and AUTOZONERS LLC, | ) ) ) | |
| Defendants. | ) ) | Filed  JUN 29 2017 |
| | ) | |

MADSEN, J.—This case concerns a wage dispute pending in federal court. The federal district court has asked this court to answer two certified questions concerning how a Washington labor regulation addressing meal breaks should be applied.

## FACTS

In September 2013, plaintiff Michael Brady filed an amended class action complaint in King County Superior Court, seeking unpaid wages for meal breaks that defendant Autozone Inc. allegedly withheld from employees. *See Brady v. Autozone Stores, Inc.*, No. 2:13-CV-01862-RAJ, 2016 WL 7733094, at *1 (W.D. Wash. Sept. 6,

2016) (court order).[1] In response, Autozone sought removal to the federal district court in Seattle pursuant to 28 U.S.C. § 1332(d). *Id.* Brady later moved in that court to certify a class. *Id.* After reviewing Washington Administrative Code (WAC) 296-126-092 (meal break regulation); Administrative Policy ES.C.6, concerning meal and rest breaks from the Department of Labor and Industries (Department); and various decisions from Washington state courts, Western District of Washington, and California, the district court concluded that employers have met their obligation under the law if they ensure that employees have the opportunity for a meaningful meal break, free from coercion or any other impediment. *See Brady v. Autozone Stores, Inc.*, No. C13-1862 RAJ, 2015 WL 5732550, at *5 (W.D. Wash. Sept. 30, 2015) (court order). The district court expressly rejected the notion that Washington has adopted a strict liability approach to the taking of meal breaks. *Id.* at *5-6. In doing so, the district court found that class certification would be inappropriate considering the unique fact scenarios associated with each potential violation of the meal break statute. *Id.* at *6. Accordingly, the district court denied Brady's motion for class certification. *Id.* at *9.

Brady sought review of this denial in the Ninth Circuit Court of Appeals, but that court would not permit Brady to appeal the decision. *See Brady*, 2016 WL 7733094, at

---

[1] This court will consider certified questions from the federal court "not in the abstract but based on the certified record provided by the federal court." *Carlsen v. Global Client Solutions, LLC*, 171 Wn.2d 486, 493, 256 P.3d 321 (2011); *see also* RCW 2.60.030(2). Here, the federal district court conveyed excerpts of the federal record along with the order certifying questions to this court. That is the "record" that this court considers when answering the certified questions. *See* RAP 16.16; RCW 2.60.010(4), .030. The parties appear to assume that this court has access to the entire federal district court docket in this case, as they cite liberally to that docket and beyond the record provided to us by the federal district court.

*1. Brady then filed a motion in the district court, seeking to certify two questions to this court. The district court granted the motion in part, certifying the following two questions:[2]

1. Is an employer strictly liable under WAC 296-126-092?

2. If an employer is not strictly liable under WAC 296-126-092, does the employee carry the burden to prove that his employer did not permit the employee an opportunity to take a meaningful break as required by WAC 296-126-092?[3]

ANALYSIS

First Certified Question: Is an employer strictly liable under WAC 296-126-092?

Certified questions from federal court are questions of law that this court reviews de novo. *Carlsen v. Global Client Solutions, LLC*, 171 Wn.2d 486, 493, 256 P.3d 321 (2011). This court may reformulate the certified question. *Allen v. Dameron*, 187 Wn.2d 692, 701, 389 P.3d 487 (2017); *Danny v. Laidlaw Transit Servs., Inc.*, 165 Wn.2d 200, 205 n.1, 193 P.3d 128 (2008) (plurality opinion). We begin with the plain language of the regulation. WAC 296-126-092 states in relevant part:

> (1) Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

---

[2] Brady also wanted to ask this court whether monetary damages are available for violations of WAC 296-126-092, but the district court declined to include that question as premature. *See Brady*, 2016 WL 7733094, at *3.

[3] Although the questions themselves are broadly worded, the other language in the order makes clear that the questions address the *meal break* provisions contained in WAC 296-126-092.

(2) No employee shall be required to work more than five consecutive hours without a meal period.

(3) Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.[4]

Further, the Department's policy statement addressing how this regulation is to be applied provides that "[e]mployees may choose to waive the meal period requirements." Wash. Dep't of Labor & Industries, Administrative Policy ES.C.6 § 8, at 4 (revised June 24, 2005) (Meal and Rest Periods for Nonagricultural Workers Age 18 and Over).[5] The Department "recommends," but does not require, obtaining a "written request" from an employee who chooses to wave the meal period. *Id.* This court gives a "high level of deference to an agency's interpretation of its regulations" based on the agency's expertise and insight gained from administering the regulation. *Silverstreak, Inc. v. Dep't of Labor & Indus.*, 159 Wn.2d 868, 885, 154 P.3d 891 (2007) (plurality opinion).

Considering together the noted subsections and guidelines, an employee who works five consecutive hours is entitled to a 30 minute meal break, which may be taken from the second through the fifth hour of his or her shift, but which may also be waived. The presence of the waiver option compels the answer to the first certified question.

---

[4] The remainder of WAC 296-126-092 addresses rest periods and states:

(4) Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(5) Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each 4 hours worked, scheduled rest periods are not required.

[5] *See* Administrative Policy ES.C.6 § 9 ("Employees may *not* waive their right to a *rest* period." (emphasis added)).

Restating the question to reflect the context of this case:[6] Is an employer automatically liable if a meal break is missed? The answer is no, because the employee may waive the meal break.

Notably, both parties now answer no to the first certified question. *See* Opening Br. of Appellant Brady at 45; Answering Br. of Autozone at 50.[7] As discussed above, we agree.[8]

Second Certified Question: If an employer is not strictly liable under WAC 296-126-092, does the employee carry the burden to prove that his employer did not permit the employee an opportunity to take a meaningful break as required by WAC 296-126-092?

Relying on *Pellino v. Brink's Inc.*, 164 Wn. App. 668, 267 P.3d 383 (2011), Brady argues that *employers* have an affirmative duty to ensure their employees take their meal breaks. *Pellino* indeed states that "[t]he plain language of WAC 296-126-092 imposes a mandatory obligation on the employer," and that "employers have a duty to provide meal periods and rest breaks and to ensure the breaks comply with the requirements of WAC 296-126-092." *Id.* at 688. Further, while meal periods can be waived, the waiver must be knowing and voluntary, and waiver is an "affirmative defense" on which defendant

---

[6] Brady alleged time records show many instances of continuous work beyond five hours without meal breaks for himself and others.

[7] While Brady's reply contends that the district court and Autozone confuse strict liability with an affirmative obligation to ensure compliance with WAC 296-126-092, Brady admits that he in fact used the term "strict liability" to describe his argument in his reply on his motion for class certification. *See* Reply Br. of Appellant Brady at 22 n.11.

[8] *See Ruiz-Guzman v. Amvac Chem. Corp.*, 141 Wn.2d 493, 508, 7 P.3d 795 (2000) ("In answering federal certified questions, we do not seek to make broad statements outside of the narrow questions and record before us.").

employer bears the burden of proof. *Id.* at 696-97. Brady argues that *Pellino* in essence requires employers to provide meal breaks and ensure that meal breaks are timely taken.

Autozone counters that the district court applied the correct standard. The district court in part relied on *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 273 P.3d 513, 139 Cal. Rptr. 3d 315 (2012). There, the California Supreme Court addressed a comparable provision (CAL. LABOR CODE section § 512), which "requires a first meal period no later than the end of an employee's fifth hour of work, and a second meal period no later than the end of an employee's 10th hour of work." *Brinker*, 53 Cal. 4th at 1041. The court further concluded that an employer need not ensure an employee does no work during off-duty meal periods; an employer's obligation is only to "provide a meal period to its employees" by offering them a "reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." *Id.* at 1040. In addition, an employer must not "undermine a formal policy of providing meal breaks" by "creating incentives to forgo, or otherwise encouraging the skipping of[,] legally protected breaks." *Id.*

As between *Pellino* and *Brinker*, we find that the Washington case provides the better approach. While *Pellino* could be distinguished from the present case because it turned on different facts (i.e., armored truck crews were always on duty, were constantly vigilant, and had no meaningful breaks at all when the trucks were on routes), nevertheless, because *Pellino* ultimately provides greater protection for workers, it is more in tune with other Washington case law addressing employee rights. *See Demetrio v. Sakuma Bros. Farms, Inc.*, 183 Wn.2d 649, 656-59, 355 P.3d 258 (2015) (lauding

cases interpreting WAC 296-126-092 to enhance worker protections);[9] *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 35, 42 P.3d 1265 (2002) (remedial statutes protecting employee rights must be liberally construed in favor of protecting employee).

Accordingly, an employee asserting a meal break violation under WAC 296-126-092 can meet his or her prima facie case by providing evidence that he or she did not receive a timely meal break. The employer may then rebut this by showing that in fact no violation occurred or a valid waiver exists. *Pellino*, 164 Wn. App. 696-97 (waiver is an "affirmative defense" on which employer bears the burden of proof). As amicus Department of Labor and Industries observes, this should not be an onerous burden on the employer, who is already keeping track of the employee's time for payroll purposes. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946) (applying a comparable burden shifting and record retention responsibility on the employer regarding employee's claim under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219).

Nevertheless, Autozone urges us to answer the second certified question yes, relying on *Baldwin v. Sisters of Providence in Washington, Inc.*, 112 Wn.2d 127, 135, 769 P.2d 298 (1989), for the general rule requiring the plaintiff to prove all elements of the cause of action. But Autozone's approach ignores the obligations placed on the

---

[9] *Demetrio* discussed *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 50 P.3d 256 (2002) (availability of rest breaks), *Washington State Nurses Ass'n v. Sacred Heart Medical Center*, 175 Wn.2d 822, 287 P.3d 516 (2012) (compensating missed rest breaks at the overtime rate), and *Pellino*.

employer under WAC 296-126-092. As discussed above, WAC 296-126-092 imposes a mandatory obligation on the employer to provide meal breaks and to ensure those breaks comply with the requirements of WAC 296-126-092. *See Pellino*, 164 Wn. App. 688.

## CONCLUSION

We answer the first certified question no. The employer is not automatically liable if a meal break is missed because the employee may waive the meal break.

We answer the second certified question as follows: an employee asserting a meal break violation under WAC 296-126-092 can establish his or her prima facie case by providing evidence that he or she did not receive a timely meal break. The burden then shifts to the employer to rebut this by showing that in fact no violation occurred or that a valid waiver exists.

No. 93564-5

_Madsen, J._

WE CONCUR:

_Fairhurst, C.J._

_Wiggins, J._

_Johnson, J._

_González, J._

_Stephens, J._

_Yu, J._

_Owens, J._

_Gordon McCloud, J._